**IN THE COURT OF APPEALS OF IOWA**

No. 3-1240 / 13-0039
Filed February 5, 2014

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**JAMES BLAKE CARY,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Des Moines County, John M. Wright, Judge.

A defendant appeals his sentence following his guilty pleas. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Rachel C. Regenold, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Patrick C. Jackson, County Attorney, and Lisa K. Schaefer and Tyron Rogers, Assistant County Attorneys, for appellee.

Considered by Vogel, P.J., and Tabor and McDonald, JJ.

**VOGEL, P.J.**

James Blake Cary appeals the sentence imposed following his guilty pleas to one count of robbery in the second degree and two counts of burglary in the third degree. He claims the court considered improper sentencing factors when it decided to run the two counts of burglary concurrent to each other but consecutive to the robbery count and consecutive to the sentences he was already serving. He claims the court considered an unproven offense when it incorrectly recited his criminal history and improperly considered the length of time he would serve on his sentence. We find no abuse of the trial court's discretion and affirm Cary's sentence.

## I. BACKGROUND FACTS AND PROCEEDINGS.

At sentencing, pursuant to the plea agreement, the State remained silent as to its recommendation for imposing either consecutive or concurrent sentences. Cary's attorney argued the sentences should be concurrent to each other and concurrent to the sentences Cary was already serving on unrelated charges. While acknowledging the mandatory seventy-percent minimum on the robbery charge, counsel "strongly urge[d] the court to reach the conclusion that that seven years is going to be more than adequate to take care of Mr. Cary's problems, to adequately protect the community." Counsel went on to say that if the court ran the sentences concurrently, he reasonably believed that Cary would "get out of prison when he's approximately twenty-eight years old." Counsel noted that running the sentences consecutively would likely "add two to three years onto the sentence" and believed "seven years [was] more than adequate to cover the offenses that [Cary] pled guilty to and that he's taking responsibility

for."  Likewise, during his allocution, Cary asked the court "to be nice, because I feel like a seven-year sentence is a long time" and that was "adequate."

The court in imposing the sentence spent a great deal of time reviewing the factors it considered in reaching its sentencing decision.  The court noted the mandatory minimum sentence of seven years on the robbery conviction pursuant to Iowa Code section 902.12 (2011).  The court considered the statements made by Cary's attorney, along with Cary's statement.  Cary's age, family support, criminal history, lack of income or stable work history, education, history of drug abuse, and potential for rehabilitation were all considered by the court.  In reciting Cary's criminal history, the court stated:

> You are already serving sentences, as your attorney pointed out, for Forgery, a class D felony.  You have convictions *for Burglary,* for Attempted Burglary, Theft, Domestic Abuse, Harassment, and you have just been a menace to your family and to the community for quite a few years even though you're only 21 years of age.

(Emphasis added.)  Following its pronouncement of the sentence, Cary's counsel asked the court for a more specific recitation of the reason why the sentences would run consecutively.  The court, in response, stated:

> As I've already stated, your client has a serious history of criminal convictions.  It is a very serious offense for which he was convicted of the Second Degree Robbery.  These are serious offenses of Burglary in the Third Degree.  *The Court has given some consideration to the length of time Mr. Cary will serve on these sentences* and has decided to run two of the class D felonies concurrent.  Those will run consecutively, as I indicated.  The Court also takes into consideration everything else I've already put onto the record as to why these sentences will run consecutive in the fashion that I've already indicated.

(Emphasis added.)  Cary appeals.

## II. SENTENCING.

We review a district court's sentencing decision for abuse of discretion. *State v. Thomas*, 520 N.W.2d 311, 313 (Iowa 1994). "The use of an impermissible sentencing factor is viewed as an abuse of discretion and requires resentencing." *Id.* Cary asserts the court considered an unproven offense when it stated he had previously been convicted of burglary. While he had previously been charged as a juvenile with burglary, he was adjudicated delinquent of attempted burglary. He also claims the court improperly considered the length of time he would actually serve on his sentence, which interfered with the authority of the parole board.

**A. Unproven Offense.** A sentencing court may not rely upon unproven charges unless the defendant admits to the charges or there are facts that show the defendant committed the offenses. *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). If the court considers an unproven charge, a remand is necessary for resentencing. *Id.*

The State acknowledges the reference made by the court to a prior burglary conviction but claims the court simply misspoke as it was reviewing the presentence investigation report, which listed both the arresting charge and the conviction, and immediately corrected the error. It points out the court started listing Cary's prior convictions by saying, "You have convictions *for* burglary." (Emphasis added.) The State contends the court paused and reiterated "*for* attempted burglary, theft, domestic abuse, [and] harassment." (Emphasis added.) Because none of the subsequent convictions were preceded by the preposition "for," the State asserts the court recognized its error in saying

burglary and was simply restarting the list of past convictions with the correct prior conviction of attempted burglary.

A court's sentencing decision "enjoys a strong presumption in its favor," and a defendant must overcome this presumption by "affirmatively show[ing] the district court relied on improper evidence such as unproven offenses." *State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001). "We will not draw an inference of improper sentencing considerations which are not apparent from the record." *Formaro*, 638 N.W.2d at 725. We cannot say on this record that Cary has overcome this strong presumption and proven the court improperly relied on a prior burglary charge. While the pause the State refers to is not indicated in the transcript, the subsequent, additional use of the preposition "for" is apparent in the record. We accept the State's interpretation of the record that the court misspoke and was correcting itself by restarting the list of prior offense with the repetition of the preposition "for." While the court could have made the correction clearer by affirmatively acknowledging it misspoke, we cannot say the record in this case demonstrated the court abused its discretion by relying on the unproven charge of burglary when sentencing Cary.

**B. Length of Sentence.** Next, Cary claims the court improperly considered the length of time he would serve on his sentence. The board of parole has the sole authority to determine a defendant's minimum sentence with its parole decisions. *State v. Remmers*, 259 N.W.2d 779, 785 (Iowa 1977). "It is inappropriate to circumvent parole considerations in a judicial sentencing decision." *Thomas*, 520 N.W.2d at 313. However, in this case we do not find the

court's comment that it gave "some consideration to the length of time Mr. Cary will serve" to be an attempt to circumvent parole considerations.

First, the parole board did not have authority to determine Cary's minimum sentence with regard to the robbery conviction due to the seventy percent statutory mandatory minimum in section 902.12. *See* Iowa Code § 902.12 (stating a person convicted of certain felonies, including second-degree robbery, shall be denied parole or work release until the person has served at least seven-tenths of the maximum term of the sentence); *see also Remmers*, 259 N.W.2d at 784 (acknowledging the legislature may restrict the discretion of the parole board by proscribing a minimum sentence for particular offenses). Secondly, it was entirely appropriate for the court to consider this statutory mandatory minimum in rendering a sentencing decision in this case. Defense counsel and Cary repeatedly referred to the seven-year minimum in their statements to the court, contending the minimum was "adequate" punishment for the robbery and the burglary offenses. Defense counsel even went so far as to indicate to the court that running the sentences consecutively "will likely add two to three years onto the sentence."

We find the court's single, general reference to its consideration of the length of time Cary will serve was simply an acknowledgement and response to defense counsel's argument that the mandatory minimum sentence on the robbery conviction would be sufficient. The court clearly disagreed considering Cary's extensive criminal history and the seriousness of the current convictions. There is no indication the court was attempting to craft a sentence to circumvent the parole board's authority or to manipulate Cary's sentence. *See Remmers*,

259 N.W.2d at 784 (noting the court improperly imposed a lengthier maximum sentence "based in part upon a desire to assure [the] defendant would serve a longer period before parole"). The court here was simply stating that the seven-year mandatory minimum was not adequate considering the facts and circumstances in this case. *See State v. Vanover*, 559 N.W.2d 618, 635 (Iowa 1997) (noting the court did not impermissibly attempt to lengthen the defendant's sentence because of parole factors where it merely responded to the defense counsel's calculations as to the application of the mandatory minimum and gave several cogent reasons for imposing the sentence it chose). We do not find any abuse of the trial court's discretion in sentencing Cary.

**AFFIRMED.**

Tabor, J., concurs; McDonald, J., dissents.

**MCDONALD, J.** (dissenting)

I respectfully dissent. I recognize "the sentencing process can be especially demanding and requires trial judges to detail, usually extemporaneously, the specific reasons for imposing the sentence." *State v. Thomas*, 520 N.W.2d 311, 313-14 (Iowa Ct. App. 1994). The performance of this judicial duty can produce unfortunate phraseology, unintended remarks, misconstrued remarks, and just plain misstatements. *See id.* Here, the district court explicitly stated that it considered defendant's burglary conviction when considering defendant's sentence. It is not disputed that defendant has not been convicted of burglary.

The State argues that the sentencing court's statement was only a misstatement that should be ignored. The State contends the sentencing court "paused" after making the statement. There is no pause reflected in the sentencing transcript. The State contends the district court's use of the preposition "for" evidences a pause or intent to correct. That is simply speculation. The transcript shows when the district court wanted to correct the record, it used the phrase "strike that." While it is true that the sentencing decision enjoys a strong presumption in its favor, *State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001), this presumption means only that we will not draw an inference of improper sentencing considerations not apparent in the record. *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). The presumption does not go so far as to negate an instance when the sentencing court explicitly states it is relying on an impermissible sentencing consideration.

In sum, the district court may have made a misstatement, but that cannot be determined from this record. The only thing that can be determined from this record, without resort to speculation, is that the district court *explicitly* stated it considered defendant's burglary conviction when imposing sentence when the defendant has not been convicted of burglary. This requires the sentence be vacated and this matter remanded for sentencing. *See State v. Gonzalez*, 582 N.W.2d 515, 516 (Iowa 1998) (noting the general rule a court "may not consider an unproven or unprosecuted offense when sentencing a defendant").