# IN THE COURT OF APPEALS OF IOWA

No. 14-0378
Filed March 11, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRITTANY MARIE MCBRIDE,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Black Hawk County, James D. Coil,

District Associate Judge.

        Brittany McBride appeals the sentence imposed upon her conviction for

operating while intoxicated, first offense.  **AFFIRMED.**

        Curtis Dial of Law Office of Curtis Dial, Keokuk, for appellant.

        Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney

General, Thomas J. Ferguson, County Attorney, and Jeremy Westendorf,

Assistant County Attorney, for appellee.

        Considered by Vogel, P.J., Doyle, J., and Miller, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**PER CURIAM**

Brittany McBride pled guilty to a charge of operating while intoxicated, first offense, in violation of Iowa Code section 321J.2 (2013).  Following sentencing, she appeals,[1] asserting

> THE TRIAL COURT IMPROPERLY CONSIDERED UNPROVEN OFFENSES IN DETERMINING THE DEFENDANT'S SENTENCE.

We affirm.

At sentencing the State's recommendation included "one to two years of supervised probation."  The State argued that "it appears there is recidivist alcohol-related offenses."  The State indicated McBride had a "prior history that includes public intox from 2012.  The blood alcohol level in that case was a .133."  It further stated McBride had been "convicted of possession of alcohol under legal age in 2012."

McBride pointed out that a substance abuse evaluation indicated she did not meet the criteria for abuse or dependency and that no treatment was recommended.  She "acknowledged that she did have . . . two alcohol-related charges in the past" but urged they occurred at about the same time, "a fairly

---

[1]  McBride states error was preserved by filing a notice of appeal.  However, this statement is erroneous.  "For the notice of appeal has nothing to do with error preservation."  *See* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (Fall 2006).  "Our error preservation rules provide that error is preserved for appellate review when a party raises an issue and the district court rules on it."  *State ex rel. Miller v. Vertrue, Inc.*, 834 N.W.2d 12, 20-21 (Iowa 2013).  We nevertheless proceed to consider the issue raised by McBride, as no objection in the trial court is required in order to preserve error on a claim the sentencing court relied upon improper or impermissible factors.  *See State v. Thomas*, 520 N.W.2d 311, 313 (Iowa Ct. App. 1994).

chaotic time in her life." She requested "that there be no probation . . . or in the alternative be one-year of self-probation."

The district court's sentence included "supervised probation for a period of 12 to 24 months to the Department of Correctional Services." In imposing that portion of the sentence the court stated, in relevant part, its belief that "the sentence is appropriate based upon . . . your prior record of alcohol-related offenses." McBride asserts the court improperly considered unproven offenses "not admitted by McBride." The State asserts the court properly "considered [McBride's] prior record of alcohol-related offenses in placing her on supervised probation."

We review sentencing decisions for correction of errors at law. *State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006). "A sentence will not be upset on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure, such as a trial court consideration of impermissible factors." *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995). "The use of an impermissible sentencing factor is viewed as an abuse of discretion and requires resentencing." *Thomas*, 520 N.W.2d at 313 (citing *State v. Pappas*, 337 N.W.2d 490, 494 (Iowa 1983)). "A district court may not consider an unproven or unprosecuted offense when sentencing a defendant unless (1) the facts before the court show the defendant committed the offense, or (2) the defendant admits it." *State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001). "If a district court improperly considers unprosecuted and unproven additional

charges, we will remand the case for resentencing." *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002).

"There is no general prohibition against considering other criminal activities by a defendant as factors that bear on the sentence to be imposed." *State v. Longo*, 608 N.W.2d 471, 474 (Iowa 2000). "[W]hen a challenge is made to a criminal sentence on the basis that the court improperly considered unproven criminal activity, the issue presented is simply one of the sufficiency of the record to establish the matters relied on." *Id.* "The standard of proof during the sentencing stage is lower than the standard used during trial." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000).

"We will not draw an inference of improper sentencing considerations which are not apparent from the record." *Formaro*, 638 N.W.2d at 725. "On our review, a district court's sentencing decision enjoys a strong presumption in its favor. To overcome the presumption, a defendant must affirmatively show that the district court relied on improper evidence such as unproven offenses." *Jose*, 636 N.W.2d at 41 (citations omitted).

In support of its sentencing recommendation of supervised probation, the State asserted that McBride was a "recidivist," with prior alcohol-related "offenses" of possession of alcohol under legal age and public intoxication. McBride did not dispute the State's explication of her criminal history but rather "acknowledged" the two offenses and argued mitigating circumstances. We conclude the facts before the district court adequately show McBride committed the two prior offenses. We thus further conclude that the court's consideration of

those prior offenses in ordering a period of supervised probation did not constitute consideration of impermissible sentencing factors.

**AFFIRMED.**