**STATE of Iowa, Plaintiff–Appellee,**

v.

**Michael Allen THOMAS, Defendant–Appellant.**

**No. 93–1548.**

Court of Appeals of Iowa.

May 26, 1994.

Kevin S. Maughan of Clements, Pabst, Hansen & Maughan, Albia, for appellant.

Bonnie J. Campbell, Atty. Gen., Chris Odell, Asst. Atty. Gen., and William S. Owens, County Atty., for appellee.

Heard by HAYDEN, P.J., and CADY and HUITINK, JJ.

CADY, Judge.

This is an appeal by Michael Thomas from judgment and sentencing following a conviction for aggravated domestic abuse assault. Thomas entered a plea of guilty to domestic abuse assault in violation of Iowa Code section 708.2A(2)(c) (1992). The crime is an aggravated misdemeanor.

The district court sentenced Thomas to one year in the county jail, suspended all but six months of the sentence, and ordered the sentence to run consecutively to a prior sentence for domestic abuse assault. Probation was imposed following the incarceration. Thomas was given credit for time served and ordered to make restitution.

In pronouncing sentence, the trial court recognized the Department of Correction's recommendation of incarceration, and noted Thomas' criminal history, together with the violent nature of the crime. The trial court then stated "if I thought they would actually keep you in prison for two years, I would send you there." He later told the defendant "the Code doesn't permit me to sentence you to prison or jail as long as I think you need to be there."

Thomas appeals. He contends the district court improperly considered the Department of Corrections' parole policies in fashioning its sentence. He suggests the district court's sentence was clearly formulated to ensure Thomas would serve a greater part of his sentence.

The State responds Thomas waived his challenge by failing to object at sentencing. They also claim the remarks by the trial court were not improper when considered in

context of the sentence he received and the other reasons for the sentence.

## I.

We first address the claim by the State that defendant failed to preserve error. This claim is based on the defendant's failure to object during sentencing to the alleged improper sentencing considerations expressed by the court.

 Generally, issues not raised in the trial court may not be raised for the first time on appeal. *State v. Taylor,* 336 N.W.2d 721, 726 (Iowa 1983). This rule gives the trial court the opportunity to correct the alleged error and adds symmetry to the appellate process. *See* 24 C.J.S. *Criminal Law,* § 1682 (1989). The rule, however, is not ordinarily applicable to void, illegal or procedurally defective sentences. *Overton v. State,* 493 N.W.2d 857, 859 (Iowa 1992); *State v. Luckett,* 387 N.W.2d 298, 301 (Iowa 1986); *State v. Wilson,* 294 N.W.2d 824, 825–26 (Iowa 1980). It is incongruous to the sentencing process. A sentence is pronounced and the reasons for the sentence are expressed only after the defendant and counsel have had an opportunity to address the trial judge. *See* Iowa R.Crim.P. 22(3). There is no procedure which allows the defendant to address the court during or after the pronouncement of sentence, and there is no rule which expressly requires the claim of an improper or illegal sentence to be submitted to the trial court prior to an appeal. *State v. Young,* 292 N.W.2d 432, 435 (Iowa 1980). We reject the State's notion that defendant was required to object during the sentencing.[1]

## II.

 The imposition of a sentence is generally within the discretion of the trial court and will be disturbed only upon a showing of abuse of discretion. *State v. Garrow,* 480 N.W.2d 256, 259 (Iowa 1992). An abuse of discretion will be found only when the discretion is exercised on grounds which are clearly untenable or to an extent clearly unreasonable. *State v. Johnson,* 476 N.W.2d 330, 335 (Iowa 1991). The use of an impermissible sentencing factor is viewed as an abuse of discretion and requires resentencing. *State v. Pappas,* 337 N.W.2d 490, 494 (Iowa 1983).

 The State concedes it is impermissible for a sentencing court to deliberately lengthen a sentence in an effort to interfere with the parole practices. *State v. Hulbert,* 481 N.W.2d 329, 330 (Iowa 1992); *State v. Remmers,* 259 N.W.2d 779, 785 (Iowa 1977). It argues, however, that *Hulbert* and *Remmers* are distinguishable since the trial court in this case actually imposed a more lenient sentence under the available sentencing options. We disagree.

The important focus is whether an improper sentencing factor crept into the proceedings; not the result it may have produced or the manner it may have motivated the trial court. *See Remmers,* 259 N.W.2d at 785 (sentence vacated since it could not be determined what sentence would have been pronounced without consideration of the parole questions). It is inappropriate to circumvent parole considerations in a judicial sentencing decision. *Id.*

We understand the rigors of the trial process and recognize that the intensity of the moment may result in comments which greater deliberation would reject. We are also aware that the sentencing process can be especially demanding and requires trial judges to detail, usually extemporaneously, the specific reasons for imposing the sentence. *See* Iowa R.Crim.P. 22(3)(d); *State v. Washington,* 356 N.W.2d 192 (Iowa 1984).

---

1. We would encourage prosecutors and defense counsel, however, to alert the trial court to any claim of error in sentencing prior to filing an appeal. *See Young,* 292 N.W.2d at 435. This would be permissible under Iowa R.Crim.P. 23(5)(a). *Id.* This practice would give the sentencing judge an opportunity to quickly correct any problems or mistakes, and could avoid a costly and lengthy appeal. It would also be welcome by trial judges, who strive to perform their duties properly within the law. Moreover, there is little to gain by using the appellate process to correct a sentencing error if the trial court is willing to make the correction. The remedy on appeal in nearly all cases is to remand for resentencing. *See State v. Floyd,* 466 N.W.2d 919 (Iowa App.1990) (remand required where sentencing court may have considered improper factors in imposing sentence).

The performance of this judicial duty can produce "unfortunate phraseology" and unintended or misconstrued remarks. *See State v. Nichols,* 247 N.W.2d 249, 255 (Iowa 1976). Comments can also be taken out of context. The statement by the trial court in this case, however, cannot be overlooked as an insignificant or misconstrued remark. The trial judge specifically stated he would "send" the defendant to prison if he "thought they would actually keep [him] in prison for two years."

The maximum period of confinement faced by defendant was two years. Iowa Code § 903.1(2) (1992). The trial court had discretion to impose determinate confinement in the county jail for a period of up to one year. Iowa Code § 903.4 (1992). If the period of confinement exceeded one year, however, the trial court was required to commit the defendant to the State director of the Department of Corrections for an indeterminate term. *Id.* The remark by the trial court expressed the notion that a prison sentence was rejected because of the prospect of early release under the parole system. This was an improper sentencing consideration.

We observe that the trial court expressed other reasons for the sentence which were not inappropriate. The court noted the defendant had committed a violent crime and had an extensive prior record, including a prior assault against the same victim. Yet there is no way to know which sentence would have been pronounced without consideration of the parole question. Accordingly, we are required to vacate the sentence and remand for resentencing. *Remmers,* 259 N.W.2d at 785. In doing so, we do not mean to intimate that other permissible reasons would not support the sentence. We only direct that the resentencing exclude any consideration concerning parole.

**REMANDED FOR RESENTENCING.**