# IN THE COURT OF APPEALS OF IOWA

No. 4-019 / 13-0131
Filed February 19, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JASON DEVEREUS GRONSTAL,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Stephen C. Gerard II, District Associate Judge.

A defendant appeals his sentence claiming the district court considered improper factors. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sheryl Soich, Assistant Attorney General, Janet M. Lyness, County Attorney, and Anne M. Lahey, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Mullins, JJ.

**MULLINS, J.**

Jason Gronstal appeals the sentence he received following his conviction for indecent exposure. He claims the district court improperly considered the department of corrections time calculation and parole policies in fashioning the sentence. In sentencing Gronstal to one year in jail to be served consecutively to the sentence he was currently serving, the district court stated, in part:

> Based upon your criminal history, the nature of this offense, the need to present a deterrent to others similarly situated who might be inclined to commit offenses while they are in the custody of the department because they think it won't cause any additional inconvenience to them, I believe that the maximum sentence should be imposed.
>
> I don't know exactly what is going to happen, but *I have a pretty good understanding that imposing this sentence does not mean you are going to be in prison for one year after you are done with your immediate sentence*.
>
> There are many different things under the way that the Department of Corrections determines good time, earned time, work credits and the way consecutive sentences are considered that *I believe will not impair your ability to be paroled at the time you earn that opportunity*.
>
> It will be the judgment of the Court that the Defendant be imprisoned for an additional one year period.
>
> This sentence shall be consecutive with the sentence being presently served.

(Emphasis added.)

We review a district court's sentencing decision for abuse of discretion. *State v. Thomas*, 520 N.W.2d 311, 313 (Iowa 1994). "The use of an impermissible sentencing factor is viewed as an abuse of discretion and requires resentencing." *Id.* The board of parole has the sole authority to determine a defendant's minimum sentence with its parole decisions. *State v. Remmers*, 259 N.W.2d 779, 785 (Iowa 1977). "It is inappropriate to circumvent parole

considerations in a judicial sentencing decision." *Thomas*, 520 N.W.2d at 313. However, in this case we do not find the court's comment, that it understood that imposing the sentence would not mean Gronstal would have to serve another year in prison or impair his ability to be paroled, was an attempt to circumvent parole considerations.

Gronstal in his allocution to the court mentioned his concern that based on the sentence he was currently serving he would not be eligible for parole for over eleven years. He thought another year beyond this time was "extreme." The court's reference to the current sentence's effect on when Gronstal would be eligible for parole was simply a response to this concern. *See State v. Vanover*, 559 N.W.2d 618, 635 (Iowa 1997) (noting the court did not impermissibly attempt to lengthen the defendant's sentence because of parole factors where it merely responded to the defense counsel's calculations as to the application of the mandatory minimum and the court gave several cogent reasons for imposing the sentence it chose).

In addition, there is no indication in the record that the court adjusted the sentence in an attempt to circumvent the parole board's authority. The court admitted it did not know when Gronstal would be paroled, but it noted the application of various department of correction's credits would likely result in Gronstal being paroled before the expiration of the one-year consecutive sentence. In cases involving aggravated misdemeanor and felony cases, the court is required to advise defendants that the application of these credits can reduce the maximum term a defendant may serve. *See* Iowa Code

§ 901.5(9)(a)-(b) (2011).  While the court was not required to inform Gronstal of the credits because he was sentenced for a serious misdemeanor, we can hardly say the court's mentioning of these credits amounts to the consideration of an improper sentencing factor.

We conclude the court did not abuse its discretion in sentencing Gronstal. We therefore affirm his conviction and sentence.

**AFFIRMED.**