# IN THE COURT OF APPEALS OF IOWA

No. 4-029 / 13-0600
Filed March 12, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JUSTIN L. BUNKER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Bradley J.

Harris, Judge.


        A defendant contends his trial attorney was ineffective in failing to seek

suppression of his statements to police and the district court considered an

improper factor in sentencing him.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney

General, Thomas J. Ferguson, County Attorney, and Linda M. Fangman,

Assistant County Attorney, for appellee.


        Considered by Danilson, C.J., and Vaitheswaran and Mullins, JJ.

**VAITHESWARAN, J.**

Justin Bunker appeals his judgment and sentence for two counts of third-degree sexual abuse and one count of enticing away a child. He contends his trial attorney was ineffective in failing to seek suppression of his statements to police. He also asserts the district court considered an improper factor in sentencing him.

## I.    *Background Facts and Proceedings*

Twenty-four-year-old Bunker met a twelve-year-old girl online. Bunker engaged in oral and vaginal sex with the girl.

Several months later, a Waterloo detective received a tip that an underage child—later identified as the twelve-year-old girl—posted a topless picture of herself online. The detective contacted the child's mother and obtained consent to assume the child's identity. The detective communicated with Bunker about engaging in anal sex and asked Bunker to bring a bag of Skittles on his next visit.

Bunker arrived at a predetermined time and location. In his truck was a bag of Skittles, which the detective used to confirm he was the same person she communicated with online. Bunker was arrested and taken to the police station for questioning. During a recorded interview, Bunker admitted to committing multiple sex acts with the child. He also admitted to anticipating a sexual encounter with her on the day of his arrest.

The State charged Bunker with two counts of third-degree sexual abuse and one count of attempting to entice away a minor. At trial, the State played a redacted version of the police interrogation.

The jury found Bunker guilty as charged. The district court sentenced him to two prison terms not exceeding ten years on the sexual abuse counts and one prison term not exceeding two years on the remaining count. The court ordered the terms served consecutively. Bunker appealed.

## II. *Ineffective Assistance*

Bunker contends his attorney should have moved to suppress his confession because it was induced by a promise. *See State v. Howard*, 825 N.W.2d 32, 40 (Iowa 2012) (stating a confession cannot be received as evidence where the defendant has been influenced by threats or promises). To prevail, he must establish that counsel breached an essential duty and prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

"Ordinarily, ineffective assistance of counsel claims are best resolved by postconviction proceedings to enable a complete record to be developed and afford trial counsel an opportunity to respond to the claim." *State v. Truesdell*, 679 N.W.2d 611, 616 (Iowa 2004). Sometimes, the appellate record is adequate to resolve the issue on direct appeal. *Id.* The record is adequate here.

That record reveals the following exchange between the detective and Bunker:

> Detective: Justin, I'm glad you're here talking to me, and I do appreciate because I feel you're being entirely honest with me. I think the person you're not being honest with is yourself. *I can only help you if you're honest with yourself.* And we're kind of at this point, Justin, that we've got two paths that we can choose, okay? We can choose to maybe not say everything that is on our mind, we can choose to not be real forthcoming, or we can choose to put it all on the line. And that way we can move on, and that way we can get past things. You know, sometimes it's like ripping off a band-aid, the faster you do it, the sooner you get it over with. You don't want to pull hair by hair, 'cause it's painful, right? Justin, I

want you to be completely honest with me, and I think you can do that. You're a smart guy. You're a good-looking guy. You like to feel wanted. You like having affection, everybody does. You're human. I just don't think you're telling me everything about [the child]. Okay? Now you've been over to her house more than once, haven't you? Has it been ten times?

> Bunker: No.
> Detective: Twenty times?
> Bunker: No.
> Detective: How many times do you think you've been over there?
> Bunker: At least once or twice.
> Detective: Okay. And you had sex with her, didn't you? Justin, I need you to pick that right path for me.
> Bunker: Yes.

(Emphasis added.) Bunker hones in on the detective's assertion that she could only help him if he was honest with himself. He asserts this statement amounted to a promise of leniency.

The Iowa Supreme Court has stated:

> An officer can tell a suspect that it is better to tell the truth without crossing the line between admissible and inadmissible statements from the defendant. However, the line is crossed "if the officer also tells the suspect what advantage is to be gained or is likely from making a confession." Under the latter circumstances, the officer's statements ordinarily become promises of leniency, rendering the statements involuntary.

*State v. McCoy*, 692 N.W.2d 6, 28 (Iowa 2005) (citations omitted); *accord State v. Hodges*, 326 N.W.2d 345, 349 (Iowa 1982). On our de novo review of the record, we conclude the detective did not cross the line because she omitted any reference to how Bunker would be helped. *See Truesdell*, 679 N.W.2d at 615 (setting forth the standard of review of ineffective-assistance-of-counsel claims); *State v. Foy*, No. 10-1549, 2011 WL 2695308, at *3–4 (Iowa Ct. App. July 13, 2011) (declining to find promissory leniency where "the investigators did not explain how they were going to 'help' Foy, or what 'benefit,' they could provide

him"). This key omission distinguishes her statement from those found to be impermissible promises of leniency. *See Howard*, 825 N.W.2d at 41 ("Detective Hull's repeated references to getting help combined with his overt suggestions that after such treatment Howard could rejoin Jessica and A.E. conveyed the false impression that if Howard admitted to sexually abusing A.E. he merely would be sent to a treatment facility similar to that used to treat drug and alcohol addiction in lieu of further punishment."); *State v. Madsen*, 813 N.W.2d 714, 727 (Iowa 2012) ("The statements threatened Madsen with an adverse newspaper story if he did not tell Chansler 'everything.' Chansler's statements also communicated to Madsen there was 'an advantage . . . to be gained' if he confessed. The investigation would 'get wrapped up' quickly, Madsen could 'go along with [his] life,' and he could avoid newspaper publicity that would humiliate him in the community."); *State v. Polk*, 812 N.W.2d 670, 676 (Iowa 2012) ("We conclude Monroe crossed the line by combining statements that county attorneys 'are much more likely to work with an individual that is cooperating' with suggestions Polk would not see his kids 'for a long time' unless he confessed."); *McCoy*, 692 N.W.2d at 28–29 (agreeing with district court that the detective's statement, "'If you didn't pull the trigger, you won't be in any trouble,' repeated at least twenty-five times, indicates leniency"); *Hodges*, 326 N.W.2d at 349 (concluding the officer's statement that "there was a much better chance of him receiving a lesser offense than first degree murder" "clearly went beyond exhorting the defendant to tell the truth"); *State v. Mullin*, 85 N.W.2d 598, 599–600 (Iowa 1957) (finding a confession involuntary where it was preceded by the following statements from an officer: "In that way more mercy is going to be

granted to you by the authorities that will handle the prosecution if you come out and tell the truth of what happened, whether you did do it or not" and "The best I can explain about this matter about mercy of the Court is I says, 'If you did do this tell the truth. You will get farther with the Court by telling the truth rather than going over there and saying you didn't do it and denying it'").

Because the detective did not specify a benefit that would accrue to Bunker if he confessed, we conclude Bunker's trial attorney breached no essential duty in failing to file a motion to suppress his confession.

### III.	Sentence

A sentencing court may not deliberately lengthen a sentence in order to interfere with the parole system. *State v. Thomas*, 520 N.W.2d 311, 313 (Iowa Ct. App. 1994). Bunker contends the district court did just that in sentencing him to consecutive terms of imprisonment. Specifically, he argues the court made reference to the possibility of parole and expressed "a fear that the parole board might grant [him] parole too soon for the court's liking." He points to the following series of statements:

> The court is going to run all of the prison sentences consecutive in this matter for a total of 22 years. The court's reasons for doing that are several.
> First of all, you've shown no remorse or any acknowledgement as to what you've done throughout this proceeding. You've—you've basically denied it even here today, and despite the strong evidence that was presented at trial from the victim in this case who testified and from your own statements to the police officers.
> The second thing is that the—the escalating nature of these offenses. When you first met, you were—you were speaking—you were chatting. The first time that you came here I believe you—it was admitted to and testified that—that there was oral sex. The second time there was sexual intercourse and oral sex. The third time there was multiple positions of sexual intercourse and oral sex.

When you were coming up the fourth time, there was a—a plan of anal sex.

*This type of increasing manipulation of a child impresses upon the court the need for you to be incarcerated until such time as you receive as much treatment as the parole board deems is necessary for you to be released* to—and society can be safe.

Your attorney spoke about the—the need for rehabilitation, and the court would make note that there is no mandatory minimum on these sentences. *The parole board will have an opportunity to review this sentence when they deem it is appropriate for you to be released,* and this gives you the most incentive that this court can possibly give you to take advantage of any sexual offender treatment that's available to you and follow through with that treatment.

The court therefore deems that—that consecutive sentences are appropriate in this matter and has so ordered.

. . . I do need to advise you that a 22-year sentence does not mean you'll serve 22 years. *You'll be eligible for parole and good and honor time, and you may be released much sooner than that. That's one of the reasons for consecutive sentences. It gives you the incentive to follow through with any treatment programs that are available to you.*

(Emphasis added.) Bunker cites *State v. Remmers*, 259 N.W.2d 779, 785 (Iowa 1977), in support of his argument. There, the court held that the district court impermissibly usurped the board of parole's authority "[b]y basing the length of sentence in part on a desire to lengthen the minimum sentence defendant would serve." *Remmers*, 259 N.W.2d at 785; *accord Thomas,* 520 N.W.2d at 312, 314 (concluding the district court's statements, "if I thought they would actually keep you in prison for two years, I would send you there" and "the Code doesn't permit me to sentence you to prison or jail as long as I think you need to be there," together with the imposition of a jail rather than prison term, reflected the impermissible notion that "a prison sentence was rejected because of the prospect of early release under the parole system").

The district court's statements in this case did not go that far. Although the court referred to parole, the court acknowledged that its timing lay in the parole board's discretion. We approved similar statements in *State v. Mohr*, No. 10-0284, 2010 WL 4483991, at *3 (Iowa Ct. App. Nov. 10, 2010), where we stated the district court "did not try to 'circumvent' the parole system by selecting a sentence that would deprive the parole board of discretion it would otherwise have" but "simply recognized the reality that Iowa has a parole system and entrusted Mohr's fate to the discretion of that board." We are persuaded by the reasoning of that opinion. *See also State v. Vanover*, 559 N.W.2d 618, 635 (Iowa 1997) (concluding the district court's comment on the number of years to be served simply reflected an application of the mandatory minimum sentence rather than an intent to interfere with parole eligibility).

We conclude the district court did not cite an impermissible factor in sentencing Bunker to consecutive sentences. Accordingly, we affirm his sentence.

**AFFIRMED.**