# IN THE COURT OF APPEALS OF IOWA

No. 13-0521
Filed March 26, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ADAM PAUL BLOMDAHL,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Pottawattamie County, Craig M. Dreismeier, District Associate Judge.

A defendant appeals from the judgment and sentence entered following his conviction of prostitution. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Matthew D. Wilber, County Attorney, and Shelly Sedlak, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., McDonald, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**EISENHAUER, S.J.**

Adam Paul Blomdahl appeals from the judgment and sentence entered following his conviction of prostitution, in violation of Iowa Code section 725.1 (2013). He contends his trial counsel's assistance was ineffective and the trial court abused its discretion in sentencing him.

In October 2012, Blomdahl responded to an escort ad placed on a website by the Council Bluffs Police Department as part of a sting operation. He called the number listed and spoke to a law enforcement officer who was acting as an escort named "Stacy." During the phone conversation, Blomdahl set up a half-hour appointment for the listed price of $150 and specified the sex acts he wanted to perform during the appointment. The next day, he met "Stacy" at a hotel room and again stated the sex acts he wanted to engage in. Blomdahl patted his pocket to indicate he had money and showed some of it.

A jury trial was held in February 2013. During opening statements, Blomdahl's attorney indicated Blomdahl would testify in his defense. He told the jury,

> So we have Mr. Blomdahl, who will talk about that he had broken up in a relationship and had been going on the Internet, both social pages and this was his first time he tried an escort page, but he'll testify that he was getting over a relationship and was trying to get out and date more, and that's what he thought he was doing. He will testify that he did not make an offer for sex, rather that it was suggested to him, and he was kind of shocked at it.

However, Blomdahl never testified. After the court denied his motion for judgment of acquittal, Blomdahl's attorney informed the court it was Blomdahl's intention to "rest their case" without putting on evidence. We have no record of Blomdahl's desire to testify. The jury found Blomdahl guilty as charged.

At the sentencing hearing, Blomdahl's attorney did not request a deferred judgment.[1] The district court sentenced Blomdahl to a two-year suspended sentence with one year of supervised probation, stating:

> The reason for the sentence, your criminal history does— although the Court isn't placing necessarily any weight in regards to what has transpired with this arson first case, you do have a criminal history based upon the information presented in the court file. The Court does not find, nor has it been requested, for your receipt of a deferred judgment in regards to this case. The Court finds a term of probation is an appropriate sentence in regards to this matter because of the nature of the offense as presented to the Court, in regards to the circumstances that the Court heard at the time of the jury trial.
> But given the history that the Court does have available to it, I do find that is an appropriate sentence in regards to this matter and will serve the interests of society and also rehabilitating you at that point in time.

Blomdahl contends his trial counsel was ineffective in two respects: (1) in telling the jury he would testify and contradict the State's evidence but failing to present any evidence and (2) in failing to request a deferred judgment or deferred sentence. While a defendant may raise ineffective-assistance claims on direct appeal if there are reasonable grounds to believe the record is adequate to address the claim, the trial record alone will be sufficient to resolve the claim on direct appeal in only "rare cases." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Where the record does not adequately present the issues, they are more properly addressed in a postconviction relief hearing. *Id.*; *see also* Iowa Code § 814.7. We preserve Blomdahl's claims for a possible postconviction relief

---

[1] There is some uncertainty as to whether Blomdahl is eligible to receive a deferred judgment. No presentence investigation report was prepared. An informal report indicates Blomdahl was convicted in another state for first-degree arson, a felony, which would make him ineligible for a deferred judgment. *See* Iowa Code § 907.3(1)(a)(1). However, his counsel informed the court the conviction had been reversed or reduced to a misdemeanor on appeal.

action to allow for further development of the record. "Even a lawyer is entitled to his day in court, especially when his professional reputation is impugned." *State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978).

Blomdahl also contends the court considered an impermissible factor—his failure to request a deferred judgment—in sentencing him. While the imposition of a sentence is generally within the discretion of the trial court, the use of an impermissible factor is an abuse of discretion and requires resentencing. *State v. Thomas*, 520 N.W.2d 311, 313 (Iowa Ct. App. 1994). Here, the district court cited Blomdahl's criminal history, the nature of the offense, and the circumstances under which the offense was committed as reasons for imposing its sentence. While the court noted Blomdahl did not request a deferred judgment, there is no indication the court relied on this as a reason for the sentence imposed.

We affirm Blomdahl's conviction and sentence for prostitution.

**AFFIRMED.**