## IN THE COURT OF APPEALS OF IOWA

No. 13-1220
Filed June 11, 2014

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**THOMAS PATRICK OLOFSON,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Christopher L. McDonald, Judge.

A defendant appeals the sentence imposed following his guilty pleas, asserting the court abused its discretion in ordering consecutive sentences. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, John P. Sarcone, County Attorney, and Celene Gogerty, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., and Doyle and Mullins, JJ. McDonald, J., takes no part.

**VOGEL, P.J.**

Thomas Olofson appeals the sentence the court imposed following his guilty pleas to two counts of forgery, in violation of Iowa Code section 715A.2(1)(c) and .2(2)(a)(3) (2013). He claims on appeal the court abused its discretion in ordering the sentences for the forgery convictions to run consecutively to his parole violation sentence. Because we find no abuse of the district court's discretion, we affirm the conviction and sentence.

Pursuant to a plea agreement, Olofson entered guilty pleas to two counts of forgery, admitting he printed counterfeit checks and presented them at local gas stations on two different days, receiving goods or services in exchange. The plea agreement called for the two forgery convictions to be served consecutively, for a total of ten years, but the parties were free to argue whether these sentences should be served concurrently or consecutively to a separate sentence Olofson was serving for violating his parole. Pursuant to the plea agreement, the State also agreed to dismiss a number of other forgery charges, as well as a theft charge, that were pending at the time, though Olofson would be required to make restitution on all charges. Olofson proceeded to immediate sentencing, waiving the preparation of a presentence investigation report and his right to file a motion in arrest of judgment to challenge his guilty plea. The court ordered the two forgery sentences to be served consecutively, consistent with the plea agreement, and also ordered these sentences to be served consecutive to the sentence Olofson was serving for violating his parole.

On appeal, Olofson claims the court abused its discretion and points out he accepted responsibility for his actions by pleading guilty and expressed

remorse. He also points out his substance abuse problem. He asks that the portion of his sentence requiring his forgery sentences to be served consecutively to the parole violation sentence be vacated and the case remanded for a limited resentencing before a different judge on the question of whether the forgery sentences and the parole violation sentence should be served consecutively or concurrently.

We will not reverse a sentencing decision of the district court that is within the statutory limits absent an abuse of discretion or a defect in the sentencing procedure. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). The sentencing court's decision is cloaked with a strong presumption in its favor. *Id.* "Judicial discretion imparts the power to act within legal parameters according to the dictates of a judge's own conscience, uncontrolled by the judgment of others." *Id.* at 725. We will not second guess the decision, but our role on appeal is only to determine if the decision made was unreasonable or based on untenable grounds. *Id.*

Iowa Code section 908.10 provides, in part, when a person is convicted and sentenced to incarceration for a felony committed while on parole, the new sentence shall be served consecutively with the term imposed for the parole violation, unless the court orders the terms to be served concurrently. The court in this case applied the statutory presumption of consecutive sentences. Olofson does not claim the court made any type of procedural error when imposing the sentence. *See, e.g., State v. Thomas*, 520 N.W.2d 311, 313 (Iowa Ct. App. 1994) ("The use of an impermissible sentencing factor is viewed as an abuse of discretion and requires resentencing."). Olofson simply disagrees with the

court's decision. We find no abuse of discretion in the court's sentencing decision. We therefore affirm the conviction and sentence.

**AFFIRMED.**