# IN THE COURT OF APPEALS OF IOWA

No. 14-1456
Filed August 5, 2015

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**ERIC HERNANDEZ,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Marshall County, Timothy J. Finn, Judge.

A defendant appeals his prison sentence. **AFFIRMED.**

Darrell G. Meyer, Marshalltown, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik and Heather R. Quick (until withdrawal), Assistant Attorney General, Jennifer Miller, County Attorney, and James Scheetz, Assistant County Attorney, for appellee.

Considered by Tabor, P.J., McDonald, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**TABOR, P.J.**

Eric Hernandez challenges the district court's imposition of an indeterminate ten-year prison sentence, with a one-third mandatory minimum, following his guilty plea to methamphetamine and marijuana charges. He contends the court abused its discretion in not following the State's sentencing recommendation and considered inappropriate factors.

When viewed in their entirety, the court's statements at the sentencing hearing reveal a proper exercise of discretion. Accordingly, we decline to remand for resentencing.

Critical to the court's sentencing decision was Hernandez's violation of his probation. In May 2012, the State charged Hernandez with possession of marijuana with intent to deliver and a tax stamp violation. As part of a plea agreement, Hernandez pleaded guilty to the tax stamp violation; the court granted him a deferred judgment and placed him on probation.

In May 2014, while still on probation, Hernandez received new charges, including possession of methamphetamine with intent to deliver in violation of Iowa Code sections 124.401(c)(6), 124.413, and 901.10(1) (2013) and possession of marijuana, in violation of sections 124.401(c)(6) and 124.401(5). As part of the plea negotiations, the State agreed to recommend a suspended ten-year sentence, with supervision by the Department of Correctional Services (DCS), and waiver of the mandatory-minimum term.

At the sentencing hearing, the district court declined to follow the State's recommendation, describing the court's thought process in some detail:

On Count I . . . I'm not going to give you time in the halfway house . . . Marshalltown is a unique place; and you have been dealing drugs here for some time; and you were given a deferred judgment on one charge and then you were given a slap on the wrist on the other charge; and this all has come home to roost. And while you're out on probation, what are you doing? You're using and apparently being prepared to deliver methamphetamine. This is not rocket science. You have to obey the law; and if you're on probation, you have to really make [sure] carefully to do it. I'm not going to follow this recommendation. You need to go to prison. That's the long and short of it. That's going to be the sentence in the case is that you serve the ten-year prison sentence.

The court also rejected the recommendation to waive the one-third mandatory minimum sentence.

I'm not going to go along with the idea that you shouldn't have to do the minimum. You have had plenty of notice on this. It's time you take the trip.

The court did not believe supervision by DCS was an adequate deterrent or protection for the public:

Getting you in the halfway house is not getting you off the street. The people of this community have the right to think—to know that sometimes we're going to enforce the law. And this is the time we're going to do it. So the recommendation of the County Attorney and your attorney are rejected.

In the subsequent written sentencing order, the district court stated:

The Court advises the parties that it is rejecting the parties' plea agreement and sentencing recommendations, based on the Defendant's prior criminal history, the fact that the Defendant on these two cases was granted a deferred judgment probation on a Class D drug felony on June 14, 2013, less than one year prior to the arrest on these charges.

On appeal, Hernandez claims the court abused its discretion in rejecting the parties' recommendation and considered improper sentencing factors.

We review sentencing proceedings for corrections of errors at law. *State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006). A sentence within the statutory range is cloaked with a strong presumption in its favor. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We will find an abuse of discretion only when the sentencing court rested its decision on grounds or reasons clearly untenable. *Id.* Consideration of an impermissible factor is a defect in the sentencing procedure that requires reversal. *State v. Wright*, 340 N.W.2d 590, 592 (Iowa 1983).

Hernandez first asserts the court's reference to Marshalltown as "a unique place" implied that defendants from there "deserve especially tough treatment." He also expresses concern about the court's later statement: "The people of this community have the right to think—to know that sometimes we're going to enforce the law. And this is the time we're going to do it." Hernandez argues that remark suggested "an element of arbitrariness or that this sentence was offered as a sacrifice to appease the local community." But Hernandez does not cite any case law for his position that these statements indicated the judge considered impermissible factors.

The State replies that the purpose of the court's reference to Marshalltown's uniqueness is unclear, but potentially the court was alluding to a "drug problem" in the city. The State argues the second challenged statement concerning enforcing the law, when considered as part of the full rationale, underscored the court's view that a halfway house was not an appropriately stringent sentence.

Our supreme court has recognized "the sentencing process can be especially demanding and requires trial judges to detail, usually extemporaneously, the specific reasons for imposing the sentence." *State v. Thomas*, 520 N.W.2d 311, 313 (Iowa Ct. App. 1994). In that light, the *Thomas* court noted "the intensity of the moment may result in comments which greater deliberation would reject." *Id.* The court's references to Marshalltown and the people of that community may fall into the category of "unfortunate phraseology" by the sentencing court, as described in *Thomas*. But we are not convinced the comments, when placed in context, reveal the contemplation of impermissible factors.

Hernandez also contends the district court abused its discretion by rejecting the joint sentencing recommendation. Hernandez acknowledged at the plea hearing that the sentencing judge could decide not to follow the recommendations of the prosecutor and defense attorney. *See* Iowa R. Crim. P. 2.10(2); *State v. Thompson*, 856 N.W.2d 915, 922 (Iowa 2014). At the sentencing hearing, the court did reject the parties' recommendation and did so based on permissible considerations. *See State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002) (listing host of factors that weigh in on the sentencing decision, including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform). The sentencing court emphasized its belief that Hernandez squandered the opportunity afforded by his deferred judgment to demonstrate that he could reform his behavior, telling Hernandez that if you are on probation, you have to

obey the law. The court also considered the expectation of the people in the community that they would be protected from recidivist drug dealers.

Sentencing judges exercise discretion to achieve a statutorily mandated goal, which is to "provide maximum opportunity for the rehabilitation of the defendant [ ] and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5 (2013). As our supreme court has explained:

> The application of these goals and factors to an individual case, of course, will not always lead to the same sentence. Yet, this does not mean the choice of one particular sentencing option over another constitutes error. Instead, it explains the discretionary nature of judging and the source of the respect afforded by the appellate process.

*Formaro*, 638 N.W.2d at 725. Even if we would not have given Hernandez the same sentence, we must respect the valid reasons voiced by the district court for the sentence imposed.

**AFFIRMED.**