**IN THE COURT OF APPEALS OF IOWA**

No. 15-0382
Filed December 9, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ANTOINE DYMETRAE TURNER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Joel W. Barrows (plea) and Marlita A. Greve (sentencing), Judges.


        A defendant appeals his sentence after entering guilty pleas to possession of marijuana with the intent to deliver and failure to affix a drug tax stamp. **AFFIRMED.**


        Leah D. Patton, Walcott, for appellant.

        Thomas J. Miller, Attorney General, Kevin Cmelik and Sheryl A. Soich, Assistant Attorneys General, for appellee.


        Considered by Doyle, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Antoine Dymetrae Turner appeals his sentence after entering guilty pleas to possession of marijuana with intent to deliver and failure to affix a drug tax stamp. Turner claims the trial court abused its discretion by relying on an improper factor in sentencing him and by failing to place him on probation. We affirm.

## I.  Background Facts and Proceedings

During the execution of a search warrant, officers found 300 grams of marijuana belonging to Turner. No Iowa drug tax stamp was affixed to the drugs. After Turner was charged with possession of marijuana with intent to deliver and failure to affix a drug tax stamp, the State gave notice of its intent to seek sentencing enhancements on both charges under Iowa Code section 902 (2013) and on one charge under Iowa Code section 124.411. The parties reached a plea agreement. In exchange for Turner's plea of guilty to both charges, the State agreed to forgo all sentencing enhancements and recommend concurrent prison terms at sentencing. The agreement also provided Turner "may request that the court consider granting probation." Concurrence of the court was a condition of the plea agreement. The court accepted Turner's plea.

At the sentencing hearing, the State recommended concurrent sentences, stating Turner had received the benefit of all community-based resources for rehabilitation but had continued to commit drug offenses. Defense counsel claimed probation was appropriate, noting Turner had obtained his GED during an earlier incarceration and noting the positive developments in Turner's life in

the past year; Turner had obtained and maintained employment, had received a substance abuse evaluation, was in the process of starting intensive outpatient treatment, and had a relationship with his girlfriend and his minor child. During his right of allocution, Turner told the court:

> I just appreciate the opportunity because I see that I was facing quite a bit more time. I then plead out to . . . the five years . . . . And I'm just thankful that I kind of got a second chance from that because I could have been going for a little bit longer than that.

The district court stated its reasons for sentencing Turner to concurrent five-year prison terms:

> THE COURT: Well, Mr. Turner, my job is to look at the least restrictive, going to the worst, and in doing that, I take into account what I read here in the presentence investigation report (PSI) which gives me a very unflattering view of your criminal history. I'm not taking anything into account in your criminal history, unless there's been an actual disposition. So the items that say in here dismissed or no disposition, I'm totally ignoring those.
> And in ignoring those, you still have a quite lengthy both juvenile record and adult record, with the vast majority of which is related to marijuana. You have been to prison. You've been out of prison. You've been to prison. You've had work release revoked. You've had probation revoked. You continue to use and sell marijuana. You're telling me now that you're working—you worked maybe twenty hours in this past month.
> . . . .
> . . . In this last year, you haven't gone and looked for . . . any type of substance abuse evaluation until November or December of last year, you haven't started any treatment program yet, and you are still using marijuana. So at this point, I think the court has no other choice, based on your criminal record, your sporadic employment history, the continued use of marijuana, the lack of or level of work that you had in the last year and failure to get anything better, and failure to do much about your substance abuse, . . . but to give you a prison sentence.
> And I hope that the time you're in prison, you stop smoking marijuana. At some point, you've got to stop because you got quite a break. You are right. You got a recommendation from the State of two five-year sentences to run concurrent, and they're not

seeking an habitual offender enhancement or the [section] 124.411 enhancement, which would put you looking at a lot longer time. So I think you're right, Mr. Turner. You've had your second chance, but your second chance includes going to prison and hopefully having enough time that you can get your marijuana usage under control.

Turner timely appealed and seeks resentencing.

## II.    Scope and Standard of Review

We review a sentence imposed in a criminal case for correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). Turner's sentence is within the statutory limits. "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *Id.* "An abuse of discretion will be found only when the discretion is exercised on grounds which are clearly untenable or to an extent clearly unreasonable." *State v. Thomas*, 520 N.W.2d 311, 313 (Iowa Ct. App. 1994) (stating the court's "use of an impermissible sentencing factor" is an abuse of discretion requiring resentencing).

## III.    Sentencing Factors

Turner claims the court relied on an improper sentencing factor when it stated he was receiving "quite a break" due to the State's agreement not to pursue the enhancements. Turner fails to specify *why* the court's statement was improper, claiming only: "Essentially, the district court stated that [Turner] had already received a substantial break with regard to the enhancements so he was not going to get another break with probation. This sentencing consideration was improper." Turner cites no authority for this conclusory proposition, and we are

not persuaded. The court's mention of the State's agreement to decline to pursue sentencing enhancements shows its recognition of Turner's criminal history, i.e., the criminal history making those enhancements possible. Because Turner's criminal history is a sentencing factor the court was required to consider, the court did not abuse its discretion. *See* Iowa Code § 907.5(1)(2) (requiring the court, before suspending a sentence, to consider the "defendant's prior record of convictions and prior record of deferments of judgment").

Additionally, when the court stated, "[Y]ou got quite a break. You are right . . . ," the court was parroting Turner's earlier comments: "I kind of got a second chance." In making this comment, the court was considering only Turner's earlier prosecuted offenses and good fortune as it discussed the leniency the State was currently demonstrating by not pursuing possible enhancements, a fact that Turner himself specifically stated. Accordingly, the court's comment was not improper, and the court did not consider impermissible sentencing factors.

## IV.    Court's Failure to Order Probation

Turner claims the court abused its discretion in failing to grant his request for probation. He contends the court "did not fully and properly consider and credit" his "positive life changes" while giving "too much weight to [his] criminal history and his marijuana [use]." Turner also claims, if the court believed he had an issue with drug addiction, "granting probation with the condition that he complete treatment, not ordering prison, would have better addressed this problem."

During the sentencing hearing, Turner admitted he was currently addicted to marijuana and had smoked marijuana the weekend prior to the sentencing hearing. Our de novo review of the record shows Turner has demonstrated an unwillingness to abide by the law in the past and is presently unable to refrain from using drugs. The PSI reveals Turner had already been on probation and parole, as well as placed in other residential correctional programs, without success. In recommending a sentence of incarceration, the PSI noted the State had exhausted all community-based treatment resources. In light of Turner's failure to avail him of previous lenient sanctions and his continued violation of the law, the court did not abuse its discretion in weighing the appropriate factors and placing greater weight on Turner's poor chance of reform while on probation. *See State v. Hopkins*, 860 N.W.2d 550, 555 (Iowa 2015) ("[A] court makes each sentencing decision on an individual basis and seeks to fit the particular person affected."); *State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) (holding "right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard").

**AFFIRMED.**