# IN THE COURT OF APPEALS OF IOWA

No. 21-0585
Filed January 12, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHRISTOPHER WILLIAM STECHMAN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dubuque County, Michael J. Shubatt, Judge.

        Christopher Stechman appeals, contending the district court considered unproven crimes in imposing sentence. **AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., and Tabor and May, JJ.

**VAITHESWARAN, Presiding Judge.**

Christopher Stechman pled guilty to two counts of second-degree sexual abuse, two counts of third-degree sexual abuse, one-count of first-degree harassment, and one count of third-degree harassment. The district court sentenced Stechman to prison terms not exceeding twenty-five years on the second-degree sexual abuse counts, to be served consecutively; ten years on the third-degree sexual abuse counts, to be served concurrently with each other and concurrently with the remaining sentences; and two years on the first-degree harassment count, to be served concurrently with the other sentences. The court also sentenced Stechman to thirty days in jail with credit for time served on the misdemeanor third-degree harassment count.

On appeal, Stechman contends the district court considered unproven crimes in imposing sentence. He has good cause to appeal. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) (considering Iowa Code section 814.6 (supp. 2019) and its prohibition of a right of appeal from a guilty plea unless "the defendant establishes good cause" and holding "good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea").

"We will set aside a sentence and remand a case to the district court for resentencing if the sentencing court relied upon charges of an unprosecuted offense that was neither admitted to by the defendant nor otherwise proved." *State v. Black*, 324 N.W.2d 313, 315 (Iowa 1982). "The use of an impermissible sentencing factor is viewed as an abuse of discretion and requires resentencing." *State v. Thomas*, 520 N.W.2d 311, 313 (Iowa Ct. App. 1994).

The district court began its detailed recitation of reasons for the sentencing decision by stating:

> I want to be very clear, as I had mentioned earlier in the proceeding, that I am deciding the case based solely on the charges to which [Stechman] has pled guilty. Not on any other charges or charges that may have been brought. There's references in the victim impact statements to other things that [Stechman] has done or may have done in his life. My decisions today, and I'm going to give the reasons for those decisions, are based solely on those crimes to which he has pled guilty.

Stechman contends the court breached its commitment by stating the crimes "involved a number of different people that were brought into [Stechman's] perverse world"; the crimes implicated "broader schemes that involve[d] so many different people"; and the crimes involved "acts that are set forth in the Minutes of Testimony that are described in the presentence investigation report." He also takes issue with the court's reference to "[t]he damage caused by" him; the "several different victims that are involved in these cases"; and the occurrence of the crimes "over a period of time." Finally, Stechman challenges the following statements:

> And when [Stechman] argues that he has no criminal history, that's of no import to me because I do consider him to have a criminal history. This is not something that just happened. This happened over—I don't even know the exact dates, but it goes back a long time.

The State counters that the cited references are "apropos [] even if one considers only the crimes to which Stechman pleaded guilty." We agree.

Stechman stipulated the court could "rely on the record, including the minutes of testimony, to find a factual basis" for the crimes. Those crimes were committed against two children and two adults. Two of the crimes were committed between 2007 and 2011, two were committed in 2016, and two were committed in 2019. The two second-degree sexual abuse counts to which Stechman pled guilty

charged him with "commit[ing] sexual abuse upon" a child "under the age of twelve." The two third-degree sexual abuse counts to which he pled guilty charged him with "aid[ing] and abetting in the commission of a sex act by an adult with a minor" and "causing the child to engage in sex acts with an adult female." The first-degree harassment charge to which Stechman pled guilty was based on non-consensual dissemination of "photographs or film showing another person in a state of full or partial nudity or engag[ing] in a sex act." And the third-degree harassment count to which Stechman pled guilty was based on another woman's receipt of the photographs and film together with "explicit invitations for [the woman] to participate in sex acts with" Stechman. The district court did not consider unproven offenses in stating the "damage caused by" Stechman by virtue of the crimes to which he pled guilty was "incalculable." We discern no abuse of discretion in the court's statement of reasons for the sentences.

**AFFIRMED.**