# IN THE COURT OF APPEALS OF IOWA

No. 20-1574
Filed May 25, 2022


**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JUSTIN WAYNE STEIL,**
    Defendant-Appellant.
_____


Appeal from the Iowa District Court for Warren County, Randy V. Hefner (plea) and Thomas P. Murphy (sentencing), Judges.


A defendant appeals the imposition of consecutive sentences. **AFFIRMED.**


Martha J. Lucey, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.


Considered by May, P.J., Badding, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**BADDING, Judge.**

Justin Steil filed written guilty pleas to multiple criminal offenses that he said stemmed from his "bad addiction" to methamphetamine. At his sentencing hearing, Steil asked the district court to impose consecutive, but suspended, sentences. His attorney argued that hanging "a significant sentence over his head" would "give him plenty of motivation" to be successful at a substance-abuse treatment program he wanted to attend if granted probation. The court denied Steil's request, instead sentencing him to prison with two of the seven counts to run consecutive to one another.[1] Steil appeals, claiming: (1) his trial counsel was ineffective in failing to file a motion in arrest of judgment asserting his pleas lacked factual bases and were not tendered knowingly, voluntarily, and intelligently; and (2) the district court abused its discretion by imposing consecutive sentences.

We begin with an issue that the supreme court ordered to be submitted with the appeal. Steil filed a pro se notice of appeal in November 2020 even though he was represented by counsel. A few days later, his counsel moved to withdraw. The court granted the withdrawal and appointed the appellate defender's office to handle the appeal. In August 2021, Steil's appellate counsel filed a notice of appeal, which was followed by a motion for a finding of appellate jurisdiction or granting a delayed appeal. The motion acknowledged Iowa Code section 814.6A

---

[1] Steil pled guilty to (1) possession of methamphetamine, (2) domestic abuse assault, (3) driving while barred, (4) possession of marijuana, (5) possession of cannabidiol, (6) failure to affix a drug-tax stamp, and (7) possession of marijuana with intent to manufacture or deliver.

The district court ordered counts one through five to be served concurrently, and counts six and seven to be served consecutively to one another but concurrently with counts one through five, for a total term of imprisonment not to exceed ten years.

(2020) prohibits the filing of pro se documents or judicial consideration of the same when a defendant is represented by counsel. However, Steil argued he should be granted a delayed appeal based on his good-faith effort to timely appeal. The State did not resist this request in its response to Steil's motion. Because Steil's timely filing of his pro se notice of appeal sufficiently expressed his intent to appeal, we grant his request for a delayed appeal and proceed to the merits. *See State v. Crawford*, 972 N.W.2d 189, 194 (Iowa 2022).

On the first issue, Steil recognizes that Iowa Code sections 814.6(1)(a)(3) and 814.7 are implicated by his claim of ineffective assistance of counsel following his guilty pleas. To get around those statutes, Steil raised various constitutional challenges in his initial brief. But while the appeal was pending, the supreme court filed decisions rejecting each of these challenges. *See State v. Treptow*, 960 N.W.2d 98, 103–08 (Iowa 2021); *State v. Tucker*, 959 N.W.2d 140, 145–53 (Iowa 2021). In his reply brief, Steil essentially withdrew his ineffective-assistance claim, conceding that in those cases, "the Iowa Supreme Court has foreclosed a defendant's ability to appeal from a guilty plea by alleging claims of ineffective assistance of counsel."

Turning to Steil's sentencing challenge, the parties first spar over whether Steil has good cause to appeal following his guilty pleas. *See* Iowa Code § 814.6(1)(a)(3). Arguing he is appealing a discretionary sentence that was neither mandatory nor agreed to as a part of a plea bargain, Steil asserts he has good cause. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). The State responds Steil has not established good cause to appeal because he requested

the imposition of consecutive sentences. But the State's position doesn't tell the whole story.

At sentencing, the State recommended that Steil be sentenced to consecutive terms of imprisonment on each count totaling north of nineteen years. Defense counsel also recommended consecutive sentences on all counts—but this was a tactical argument for probation, with counsel contending: "if we give him a 19-and-a-half-year sentence and we suspend that, that's going to be a significant amount of motivation for him to do well at treatment." The court chose neither recommendation, ultimately imposing unsuspended sentences and running just two of the sentences consecutive to one another. So this was not a situation in which the sentence imposed was "not the product of the exercise of trial court discretion but of the process of giving effect to the parties' agreement," as the State seems to suggest. *See State v. Snyder*, 336 N.W.2d 728, 729 (Iowa 1983). Instead, the ultimate sentence was discretionary and not agreed to, so we find Steil has established good cause. *See Damme*, 944 N.W.2d at 105.

On the merits, Steil argues the court failed to provide adequate reasons for imposing consecutive sentences on two of the counts, which was an abuse of discretion. "Iowa Rule of Criminal Procedure 2.23(3)(d) requires the district court to 'state on the record its reason for selecting the particular sentence,'" including a decision to impose consecutive sentences. *State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016). "Although the reasons need not be detailed, at least a cursory explanation must be provided to allow appellate review of the trial court's discretionary action." *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000).

In deciding between "confinement and probation," the district court told Steil it had considered his age, criminal history, employment and family circumstances, protection of the community, the maximum opportunity for rehabilitation, the evidence submitted, and Steil's "serious, serious drug problem." The court then announced its decision on each individual count before elaborating:

> [W]e need to get you some help. You need it badly. But I also want to note you've had opportunities to get it. And I don't want to unduly depreciate the seriousness of the myriad offenses here, particularly the domestic abuse assault. I'm worried that your bottom isn't going to be met just by this; so I have a concern for the public, as does I think everyone, that you may use again. Certainly you're in need of some sort of correctional assistance best served by confinement. I want to get you away from drug use for a more significant time.
> . . . . So I'm not ordering probation or treatment at this time. Counts I through V shall be concurrent to each other. Counts VI and VII shall run consecutive to each other. I think the nature of the domestic abuse assault was serious. And I know I'm running the drug offenses consecutive, but it's more for the convenience of preparing an order. I think you need to serve up to ten years.

Seizing on the latter paragraph, Steil argues the court based its decision to impose consecutive sentences on "the nature of the offense alone," along with what Steil terms the court's "problematic" statement regarding convenience.[2] But in its written sentencing order, which Steil overlooks, the court expanded on why it

---

[2] Though Steil highlights this statement as "problematic," he does so in the context of challenging the adequacy of the reasons given for the consecutive sentences. He does *not* challenge the statement as an improper sentencing factor—a different inquiry altogether. *See, e.g.*, *State v. Wrage*, No. 12-0982, 2014 WL 468198, at *2–3 (Iowa Ct. App. Feb. 5, 2014). We too are troubled by the court's "unfortunate phraseology" about "the convenience of preparing an order," which we expressly reject as an appropriate sentencing factor. *See State v. Thomas*, 520 N.W.2d 311, 314 (Iowa Ct. App. 1994). But because Steil only argued the court "failed to provide adequate reasons for the imposition of consecutive sentences," we confine our review to that question.

had chosen consecutive sentences, highlighting the protection of the public, gravity of the offenses, Steil's criminal history, and his need for rehabilitation.

As noted, sentencing courts must "explicitly state the reasons for imposing a consecutive sentence." *Hill*, 878 N.W.2d at 275. But "in doing so the court may rely on the same reasons for imposing a sentence of incarceration." *Id.* Upon our review, we find the district court's cursory explanation on consecutive sentences sufficient to allow appellate review, and we conclude the court provided sufficient reasons for its decision to impose those consecutive sentences. *See Jacobs*, 607 N.W.2d at 690. We therefore affirm the sentences imposed.

**AFFIRMED.**