# IN THE COURT OF APPEALS OF IOWA

––––––––––––––

No. 25-0028
Filed January 7, 2026

––––––––––––––

**State of Iowa,**
Plaintiff–Appellee,

v.

**Luke Adam Klonglan,**
Defendant–Appellant.

––––––––––––––

Appeal from the Iowa District Court for Polk County,
The Honorable David Nelmark, Judge.

––––––––––––––

**AFFIRMED**

––––––––––––––

Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson,
Assistant Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney
General, attorneys for appellee.

––––––––––––––

Considered without oral argument
by Ahlers, P.J., and Chicchelly and Sandy, JJ.
Opinion by Ahlers, P.J.

**AHLERS, Presiding Judge.**

Pursuant to a plea agreement, Luke Klonglan pleaded guilty to the class "D" felony offense of possession of methamphetamine, third or subsequent offense. In return, the State agreed not to pursue a habitual-offender enhancement and dismissed a count of driving while barred. The parties agreed they would jointly recommend imposition of an indeterminate five-year prison sentence, but both parties remained free to argue whether the sentence should be imposed concurrently or consecutively to a parole-revocation sentence Klonglan faced in another county. The district court imposed the agreed-upon prison sentence. It then rejected Klonglan's request for concurrent sentences, chose to follow the State's recommendation, and ordered Klonglan to serve the sentence consecutively to his parole-revocation sentence.

Klonglan appeals. He contends the district court improperly considered unproven offenses and improperly focused on the lack of "additional punishment" if it ran his sentences concurrently.

Because Klonglan challenges his sentence and not his plea and the sentence he received was neither mandatory nor agreed-upon, he has demonstrated good cause to appeal, which gives us jurisdiction over his appeal even though he pleaded guilty. *See* Iowa Code § 814.6(1)(a)(3) (2024); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). As Klonglan's sentence falls within statutory limits, there is a strong presumption in its favor, and the sentence will be overturned only for an abuse of discretion or the consideration of improper factors. *See State v. Pirie*, 18 N.W.3d 238, 249 (Iowa 2025). To overcome the strong presumption, it is Klonglan's burden to affirmatively demonstrate that the court relied on an improper factor. *See id.*

2

As to his first claim, Klonglan is correct that relying on an unproven offense constitutes consideration of an improper factor that requires resentencing unless the defendant admits the offense or facts are presented to prove them. *See State v. Schooley*, 13 N.W.3d 608, 616 (Iowa 2024). But the sole basis for Klonglan's claim that the court considered an unproven offense was its statement—in the context of whether this sentence should be served concurrently or consecutively to his prior sentence for which Klonglan's parole was being revoked—that a concurrent sentence would "essentially have [Klonglan] serve no additional time for these additional offenses." Klonglan contends the reference to "additional offenses" shows the court considered unproven offenses, as he only pleaded guilty to one offense. We disagree.

There is nothing about the court's comments suggesting that it was punishing Klonglan for offenses to which he did not plead guilty. The reference to "additional offenses" can easily be chalked up to being a slip of the tongue given that there is no indication, either in the context surrounding the reference or at any other time during the court's explanation of the sentence, that it was punishing Klonglan for anything other than the charge to which he pleaded guilty. *See State v. Thomas*, 520 N.W.2d 311, 313–14 (Iowa Ct. App. 1994) (recognizing that "unfortunate phraseology" and "unintended or misconstrued remarks" sometimes result from the extemporaneous nature of detailing the reasons for a sentence). Klonglan has not met his burden to show the court considered an proper factor when it referenced "additional offenses," so his claim based on this statement fails. *See Pirie*, 18 N.W.3d at 249 (placing the burden on the defendant to show consideration of an improper factor).

3

As to his second claim, Klonglan contends the court considered an improper factor when it focused on what additional punishment Klonglan would receive from concurrent sentences. He bases this contention on the court asking Klonglan's counsel to explain what additional punishment Klonglan would receive with concurrent sentences and then, when explaining the sentence imposed, stating:

> But to give you a little more time to try to be away from the use of drugs and to balance your opportunity for rehabilitation with protecting the public, I find it would be inappropriate to run these concurrent and essentially have you serve no additional time for these additional offenses.

Klonglan acknowledges that it was proper for the court to consider that he committed the instant offense while on probation or parole. *See, e.g.*, *State v. Sinclair*, No. 19-0592, 2020 WL 2487616, at *3 (Iowa Ct. App. May 13, 2020). But he contends (1) the court should not have considered concurrent sentences to be a lack of punishment and (2) the court's approach was akin to imposing consecutive sentences to thwart an earlier parole date. *See State v. Remmers*, 259 N.W.2d 779, 784–85 (Iowa 1977) (holding that a sentencing court cannot fashion a sentence with the purpose of interfering with a parole release date).[1]

We disagree with both premises of Klonglan's argument. First, nothing about the reasons the court gave for imposing consecutive sentences suggests that it did not consider concurrent sentences punishment. Instead, the court focused on the fact that the sentence in the parole-revocation matter and the crime in this matter were separate offenses, in different counties, on different dates, so separate punishment in the form of

---

[1] The State argues for overturning *Remmers*. As *Remmers* is controlling supreme court precedent, we cannot overrule it. *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014) ("We are not at liberty to overrule controlling supreme court precedent.").

consecutive sentences was appropriate. It also highlighted that Klonglan has had multiple past opportunities to be law-abiding but has not done so. So, to provide for Klonglan's rehabilitation and to protect the public, the court imposed consecutive sentences. There was nothing improper about the court's reasoning.

Second, we reject Klonglan's contention that the court's decision was akin to attempting to thwart parole eligibility, as prohibited by *Remmers*. The court said nothing about parole. Of course, because the court imposed consecutive sentences, Klonglan will most likely serve more time in prison. That's the point of imposing consecutive sentences. If Klonglan's reasoning prevailed, every consecutive sentence imposed would run afoul of *Remmers*. But that is clearly not the case, as consecutive sentences are permissible. *See* Iowa Code § 901.8. Though, by its nature, the consecutive sentence the court imposed potentially extended Klonglan's term of incarceration, the court did nothing to thwart Klonglan's parole eligibility. Therefore, nothing the court did violated the prohibitions recognized in *Remmers*. *See* 259 N.W.2d at 783–85 (prohibiting the sentencing court from choosing a length of sentence within a range of allowable sentences in order to thwart parole eligibility). Accordingly, we reject Klonglan's claim that the court considered an improper factor.

Having rejected both of Klonglan's challenges, we affirm.

**AFFIRMED.**