# IN THE COURT OF APPEALS OF IOWA

No. 14-2154
Filed September 10, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**VAUGHN DION WHITE,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Timothy O'Grady, Judge.

A defendant appeals his sentence. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Maria L. Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant Attorney General, Matthew Wilbur, County Attorney, and Jon Jacobmeier, Assistant County Attorney, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, P.J.**

Vaughn Dion White pled guilty to escape from custody, in violation of Iowa Code section 719.4(1) (2013). At the sentencing hearing, White's attorney requested probation. The officer who prepared White's presentence investigation report recommended "appropriate prison time." The district court adopted the PSI recommendation and sentenced White to a prison term not exceeding five years.

On appeal, White contends the district court (1) considered impermissible factors in sentencing him and (2) abused its discretion in failing to consider mitigating circumstances.

**(1)** "It is a well-established rule that a sentencing court may not rely upon additional, unproven, and unprosecuted charges unless the defendant admits to the charges or there are facts presented to show the defendant committed the offenses." *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002).

The sentencing court began its discussion of the sentence with the cited admonition, stating "it's not appropriate that I consider uncharged or unconvicted matters." The court next made reference to the presentence investigation report. The court summarized the contents of the report as follows:

> I see a rather checkered past for a young person like you. You're 21, 22 years old and there are a number of entries on here including robbery, assault and battery, several are of destruction of property kinds of charges. The PSI also recommends a prison sentence and I'm going to accept that recommendation based primarily on your prior criminal history. . . . I believe I've explained the reason for my sentence, but primarily, your prior history and your just recent release on parole, in fact.

White points out "[t]he history that the court recited included a robbery charge, which [he] was not convicted of" and a reference to "'several' destruction of property crimes," when the PSI showed "only one such conviction."

We are convinced the court simply misspoke. The electronically-filed PSI report, typed in small font, stated White was arrested for robbery, "which was amended to Attempt of a Class 2 Felony and found guilty." The court's omission of the word "attempt" can only be construed as inadvertent.

As for the court's reference to "several" entries for "destruction of property kind of charges," the PSI report showed convictions for trespass and criminal mischief in addition to the conviction for destruction of property. The court was clearly referring to similar types of convictions rather than the single destruction-of-property conviction.

We conclude the sentencing court did not consider impermissible factors in imposing sentence. *See Formaro*, 638 N.W.2d at 725-26 (refusing to "draw an inference of improper sentencing considerations which are not apparent from the record"); *State v. Jose*, 636 N.W.2d 38, 41-42 (Iowa 2001) ("When we consider the court's statement in context, we think the court considered Jose's *prior convictions* rather than unproven charges in sentencing him to imprisonment.").

**(2)** Iowa courts have "a duty to consider all the circumstances of a particular case." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). White contends "[t]he court did not consider mitigating factors, or the chances of rehabilitation." We disagree. The court referred to the presentence investigation report, which described White's limited education, learning disabilities, and association with people who lived "a criminal lifestyle." While the court did not

cite these factors, courts have no obligation to "specifically acknowledge each claim of mitigation urged by a defendant." *Id.*

We conclude the sentencing court considered pertinent factors in sentencing White. We discern no abuse of discretion in the sentencing decision.

**AFFIRMED.**

Potterfield, J., concurs; McDonald, J., dissents.

**MCDONALD, J.** (dissenting)

I respectfully dissent. The district court explicitly stated it based its sentencing decision in part on a robbery conviction when the defendant has not been convicted of robbery. That is an impermissible sentencing consideration requiring the defendant's sentence be vacated and the matter remanded for resentencing.

In support of its conclusion the district court did not consider an improper factor in sentencing the defendant, the majority notes the district court stated "it's not appropriate that I consider uncharged or unconvicted matters." This statement is out of context. In context, the district court's statement was not so broad. The prosecutor attempted to interject error into this sentencing proceeding by explicitly relying on an unproved and unprosecuted attempted murder charge in support of the State's recommendation for prison:

> He . . . recently got out on parole . . . and then turned around and was arrested for shooting into a car numerous times, which was— unfortunately, had to be dismissed because of a lack of . . . witness cooperation. We're asking for prison, Your Honor.

In response to this specific statement, the district court stated, "[I]t's not appropriate that I consider uncharged or unconvicted matters *and so I'm not going to consider the statement by the prosecutor that there was some other charge out there that didn't happen because witnesses didn't cooperate.*" (Emphasis added.) Immediately after making that limited statement of non-reliance, the district court recited the defendant's criminal history as "including robbery, assault and battery, several are of destruction of property kind of charges." The district court then stated it was going to accept the

recommendation of incarceration "based primarily on your prior criminal history." It is not disputed the defendant has never been convicted of robbery.

The majority concludes the defendant's sentence nonetheless should be affirmed because the district court merely misspoke. The majority finds the district court intended to say "Attempt of a Class 2 Felony," the offense for which the defendant was convicted, when it said "robbery." That seems a stretch. The majority supports this finding with an additional finding that the PSI font is small. How the majority makes this finding without knowing whether the district court looked at a hard copy of the PSI or a soft copy of the PSI or whether the district court magnified or "zoomed in" the soft copy of the PSI is an interesting, but ultimately immaterial, question—all of this is pure speculation. It is equally likely the district court simply misread the PSI and thought the defendant had been convicted of robbery.

I recognize "the sentencing process can be especially demanding and requires trial judges to detail, usually extemporaneously, the specific reasons for imposing the sentence." *State v. Thomas*, 520 N.W.2d 311, 313–14 (Iowa Ct. App. 1994). The performance of this judicial duty can produce unfortunate phraseology, unintended remarks, misconstrued remarks, and just plain misstatements. *See id.* Thus, the sentencing decision enjoys a strong presumption in its favor. *See State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001). The presumption is limited; it means only that we will not draw an inference of improper sentencing considerations not apparent in the record. *See State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). The presumption does not go so far as to negate an instance when the sentencing court explicitly states it is relying

on an impermissible sentencing consideration. The district court may have made a misstatement or may have misread the PSI, but neither can be determined from this record. The only thing that can be determined from this record, without resort to utter speculation, is the district court explicitly stated it based its sentencing decision on a prior robbery conviction when the defendant has not been convicted of robbery. This requires the sentence be vacated and this matter remanded for sentencing. *See State v. Gonzalez*, 582 N.W.2d 515, 516 (Iowa 1998) (noting the general rule a court "may not consider an unproven or unprosecuted offense when sentencing a defendant"); *State v. Cary*, No. 13-0039, 2014 WL 465769, at * 4 (Iowa Ct. App. Feb. 5, 2014) (McDonald, J., dissenting).