# IN THE COURT OF APPEALS OF IOWA

No. 19-0114
Filed January 9, 2020

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**TASHA LYNNE KOPPES,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Dubuque County, Mark T. Hostager, District Associate Judge.


 Tasha Koppes appeals her sentence following her guilty plea to interference with official acts resulting in bodily injury. **CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**


 Christopher C. Fry and Alyssa M. Carlson of O'Conner & Thomas, P.C., Dubuque, for appellant.

 Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.


 Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**VAITHESWARAN, Presiding Judge.**

The State originally charged Tasha Koppes with the aggravated misdemeanor crime of "assault on persons in certain occupations-bodily injury." *See* Iowa Code § 708.3A(3) (2017). Koppes pled guilty to interference with official acts resulting in bodily injury, a serious misdemeanor. *See id.* § 719.1(1)(c). The district court adjudged her guilty and sentenced her to 365 days in jail with all but ninety days suspended.

On appeal, Koppes contends the court relied on impermissible factors in sentencing her. Specifically, she asserts the court "improperly considered the aggravated misdemeanor offense with which [she] was originally charged when issuing its sentence for the serious misdemeanor to which [she] pled guilty" and "improperly based [her] sentence on unprosecuted and unproven substance-related offenses."

"A court may not consider an unproven or unprosecuted offense when sentencing a defendant unless (1) the facts before the court show the accused committed the offense, or (2) the defendant admits it." *See State v. Gonzalez*, 582 N.W.2d 515, 516 (Iowa 1998). Where a court considers an unproven or unprosecuted offense without a showing of or admission to the underlying facts, we will vacate the sentence and remand the case for resentencing. *See State v. Sinclair*, 582 N.W.2d 762, 765 (Iowa 1982).

"A person commits interference with official acts when the person knowingly resists or obstructs anyone known by the person to be a peace officer . . . in the performance of any act which is within the scope of the lawful duty or authority of that officer." Iowa Code § 719.1(1)(a). "If [the] person commits interference with

official acts, as defined in this subsection, which results in bodily injury, the person commits a serious misdemeanor. *Id.* § 719.1(1)(c).

The State offered a document reflecting Koppes' criminal history. Koppes' attorney did not object to consideration of the history and made reference to Koppes' "two prior OWI's." In sentencing Koppes, the district court also referred to Koppes' prior operating-while-intoxicated offenses but went further. The court stated:

> [T]*his is the third time now that some alcohol- or drug-related*—I don't know what the facts were of the prior OWI's but *it's the third time that there has been an offense related to substance abuse* and, again, I can't chalk this up to youthful inexperience. You've had the prior OWIs. You're on probation for the last OWI.

(Emphasis added.)

The crime to which Koppes pled guilty contained no substance-abuse related element. Nor are there facts showing Koppes committed a substance-abuse related offense or admitted to such an offense. At most, the record contains defense counsel's statement that Koppes and the group she was with "knew that they'd probably be drinking" and Koppes took an Uber and booked a hotel to avoid getting "another—any kind of drinking-and-driving charge." Koppes herself stated, "[W]e were at the time sleeping in our beds. We weren't out partying or drinking all night."

Based on this record, we conclude an unproven or unprosecuted substance-abuse related offense was considered in sentencing. We vacate the sentence and remand for resentencing. Because we are vacating on this ground,

we need not consider Koppes' contention that the district court impermissibly considered the crime with which she was originally charged.

**CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**

Mullins, J., concurs; Ahlers, J., dissents.

**AHLERS, Judge (dissenting).**

I respectfully dissent. Our supreme court has emphasized that a "sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). To overcome the presumption, a defendant must affirmatively show that the district court relied on improper evidence such as unproven offenses. *State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001). Tasha Koppes did not make such a showing.

Koppes asserts two claims of improper consideration of unprosecuted and unproven offenses: (1) consideration of the original charge instead of the amended charge to which Koppes pled guilty; and (2) consideration of the amended charge as a substance-related offense.

Regarding Koppes's claim that the district court improperly considered the aggravated misdemeanor with which she was initially charged rather than the serious misdemeanor to which she pled guilty, "[t]he fact that the sentencing judge was merely aware of the uncharged offense is not sufficient to overcome the presumption that [the court's] discretion was properly exercised." *State v. Guise*, 921 N.W.2d 26, 30 (Iowa 2018) (quoting *State v. Ashley*, 462 N.W.2d 279, 282 (Iowa 1990)). Overcoming this presumption requires "an affirmative showing that the trial judge relied on the uncharged offenses." *Id.* (quoting *Ashley*, 462 N.W.2d at 282). Koppes faults the State for commenting during sentencing, "This could have ended up much worse than it already did." She asserts that this comment is a veiled reference to the original charge. However, this comment can just as easily be construed as a simple reference to the fact that, when Koppes criminally

intervened in the officer's attempts to arrest her sister, the circumstances could have easily escalated into a much more dangerous or violent episode. It should not be presumed that the district court construed the State's ambiguous comment in the inappropriate way Koppes suggests. In fact, the presumption is that the district court construed the comment in an appropriate way. *See id.* (discussing the presumption that the trial court properly exercised its discretion during sentencing). Even if the State intended for its comment to reference the original aggravated misdemeanor charge, there is nothing in the record suggesting that the district court relied on the comment or the original charge. The court fully explained its reasons for the sentence without mentioning the aggravated misdemeanor. I would find the court did not improperly rely on the original aggravated misdemeanor charge in sentencing.

Regarding Koppes's claim the district court improperly considered her pled offense as a substance-related offense, "[w]e will not draw an inference of improper sentencing considerations which are not apparent from the record." *Formaro*, 638 N.W.2d at 725. Koppes bases this claim on the court's statement that "it's the third time that there has been an offense related to substance abuse." First, I note Koppes, not the State, informed the court that she had been drinking on the night of the incident.[1] It strikes me as fundamentally unfair for her to inform the court that she had been drinking and then claim the court erred by referring to

---

[1] During the course of the sentencing hearing, Koppes's attorney informed the court that she had gone to Dubuque to attend a mixed martial arts fight with her sister and her sister's friend, expected they would drink alcohol that night, and arranged for a hotel and Uber rides to and from the hotel in anticipation of such drinking in part to avoid another operating-while-intoxicated charge. Her brief acknowledges she "admitted to drinking alcohol earlier in the evening."

that information in the course of sentencing. Second, Koppes mischaracterizes the court's statement. The court never claimed she was intoxicated during the altercation, nor did it claim intoxication was an element of the crime to which she pled. The court simply observed her crime was "related" to substance abuse in that she admittedly consumed alcohol in the hours leading up to her crime. To suggest anything more from the court's comments demands too much of the court[2] and undermines the presumption of proper exercise of discretion. Koppes had two prior operating-while-intoxicated convictions, and she acknowledged renting a hotel room on the night at issue here to avoid committing another operating-while-intoxicated offense. The court's statement that the altercation was related to her earlier alcohol use is supported by the record, and I do not find an apparent consideration of an improper factor.

I believe the district court did not improperly consider any unprosecuted or unproven offenses in issuing Koppes's sentence. I believe her sentence was within the court's discretion, and I would affirm.

---

[2] In assessing a trial court's choice of words, this court has aptly noted:

> We understand the rigors of the trial process and recognize that the intensity of the moment may result in comments which greater deliberation would reject. We are also aware that the sentencing process can be especially demanding and requires trial judges to detail, usually extemporaneously, the specific reasons for imposing the sentence. The performance of this judicial duty can produce "unfortunate phraseology" and unintended or misconstrued remarks.

*State v. Thomas*, 520 N.W.2d 311, 313–14 (Iowa Ct. App. 1994) (citations omitted).