**IN THE COURT OF APPEALS OF IOWA**

No. 20-0644
Filed April 28, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**KEVIN FINK,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dubuque County, Monica Zrinyi Wittig, Judge.

Kevin Fink appeals his sentences following convictions on three counts of domestic abuse assault, second offense; one count of second-degree harassment; and one count of operating while intoxicated. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**GREER, Judge.**

With allegations of several assaults on his wife, whom he was divorcing, Kevin Fink was convicted by a jury of three counts of domestic abuse assault, second offense, in violation of Iowa Code section 708.2A(3)(b) (2019), and one count of second-degree harassment, in violation of section 708.7(3).[1] Fink further pled guilty to one count of operating a motor vehicle while intoxicated (OWI), in violation of Iowa Code section 321J.2(2)(a). At sentencing, the district court addressed the sentence imposed for each conviction.

> After having considered the pre-sentence investigation report recommendations, the State's recommendations, defense statements from not only his counsel but also from him personally, and taking into consideration the victim impact statement, the court finds that the appropriate sentence based on the jury verdict is as follows: With regard to [the assault convictions], those will all be imposed as two-year terms consecutive to one another for a total of six years of prison.
> With regard to [the second-degree-harassment conviction], that is a 365-day sentence to run concurrent.
> With regard to . . . the OWI, that will be a two-day sentence with credit for time served, and the mandatory fine of $1250.00 plus attendance at the Drinking Drivers program. The court will note that he has already completed the—well, I guess even went through AA but not a complete substance abuse evaluation, so if the Department of Corrections requires further assessment, that will be accomplished while he is incarcerated.
> With regard to the violation of the no-contact order, that is a mandatory seven days. The court will impose that, and that will also be concurrent.

---

[1] Under the guise of presenting signed divorce papers, Fink accessed his wife's garage, assaulted her there, and continued assaulting her as she tried to escape in her vehicle outside the garage. As part of the same trial, Fink was acquitted on several charges, including first-degree burglary, going armed with intent, first-degree harassment, and carrying a weapon. In addition to the crimes listed above, he was also found guilty of assault, which the court later determined merged with one of his convictions for domestic abuse assault, second offense.

On appeal, Fink claims the court abused its discretion in sentencing him to consecutive sentences because the offenses arose out of one incident, thus a six-year incarceration is excessive.

**I. Standard of review and error preservation.**

We review a sentence imposed in a criminal case for correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "A sentence will not be upset on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure such as . . . consideration of impermissible factors." *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998) (citation omitted). Additionally, when the sentence imposed by the district court is within the statutory limits, it "is cloaked with a strong presumption in its favor." *Formaro*, 638 N.W.2d at 724.

The State concedes Fink preserved error, as "there is no rule which expressly requires the claim of an improper or illegal sentence to be submitted to the trial court prior to an appeal." *State v. Thomas*, 520 N.W.2d 311, 313 (Iowa Ct. App. 1994).

**II. Analysis.**

To start our review of the sentencing decision, we note Fink pled guilty to an OWI. Under Iowa Code section 814.6(1)(a)(3) (Supp. 2019), a defendant must have "good cause" to appeal a final judgment of sentence from a guilty plea in all cases other than class "A" felonies. Because Fink raises challenges to his sentences, rather than the OWI guilty plea, the State does not dispute that he has satisfied the good cause requirement. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) ("[G]ood cause exists to appeal from a conviction following a guilty

plea when the defendant challenges his or her sentence rather than the guilty plea.").

Fink generally contends the district court abused its discretion in sentencing him too harshly. Arguing he was "overcharged" by the State and that consecutive sentences were excessive, Fink highlights that he was "acquitted of the most severe charges" and that all three domestic abuse assault convictions arise from the same incident on the same day. While Fink is correct that he was not convicted of a felony, the charges he was convicted of were aggravated misdemeanors punishable by terms of imprisonment not to exceed two years. Further, the jury convicted Fink of three separate counts of domestic abuse assault, one in the garage and two assaults near the vehicle as his wife tried to escape. While the events may have been close in time, the jury found evidence to convict Fink on all three counts.

In determining the appropriate sentence for a given criminal conviction, the court should consider "the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform." *State v. August*, 589 N.W.2d 740, 744 (Iowa 1999) (quoting *State v. Cupples*, 152 N.W.2d 277, 280 (Iowa 1967)). "[O]ur task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Formaro*, 638 N.W.2d at 725.

At sentencing, the district court provided ample reasoning for its sentence, stating in relevant part:

> The reason for this sentencing, Mr. Fink, is that the court never looks kindly upon the fact that a person is sentenced in one proceeding and thereafter while on probation violates the conditions

> of probation. That's a very serious thing to this court, that I have considered in this matter. When the court tells you to abide by a no-contact order, and the court sentences you, there is an expectation of compliance, and that compliance is all dependent on your position, your attitude, and your placing yourself in a better position, and you chose not to do that.

And the earlier proceeding involved an assault on Fink's wife where he choked her and threatened to kill her. Then, with a no-contact order in place, Fink again threatened his wife and assaulted her. Per her testimony at sentencing, she now has nightmares and lives with fear. Given the indifference to the court's order and the impact of the crime, we find the district court properly exercised its discretion with Fink's sentence. It is the right of the sentencing court "to balance the relevant factors in determining an appropriate sentence." *State v. Wright*, 340 N.W.2d 590, 594 (Iowa 1983). Further, "a court may rely on the same reasons for imposing a sentence of incarceration as it does in determining whether sentences should run . . . consecutively" as long as the court "explicitly state[s] the reasons for imposing a consecutive sentence." *State v. Dudley*, No. 18-1864, 2020 WL 1310296, at *4 (Iowa Ct. App. Mar. 18, 2020) (quoting *State v. Hill*, 878 N.W.2d 269, 275 (Iowa 2016)). Here, Fink does not argue the court failed to state adequate reasons for imposing consecutive sentences. Rather, he simply argues consecutive sentences were excessive. The district court stated its reasoning for imposing consecutive sentences, and we find there was nothing unreasonable in the sentencing decision where evidence showed within thirty days of the earlier assault, Fink returned, knocked his wife to the ground, threatened to kill her, and punched her face. While Fink may disagree with the sentence imposed, we do not.

**III. Conclusion.**

Because Fink failed to prove the district court abused its discretion in deciding his sentence, we affirm.

**AFFIRMED.**