# IN THE COURT OF APPEALS OF IOWA

No. 22-0278
Filed November 17, 2022

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**ADAM MICHAEL BOWEN,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Jasper County, Thomas P. Murphy, Judge.

Adam Bowen appeals the disposition of his probation-revocation proceedings. **REVERSED AND REMANDED.**

Martha J. Lucey, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**AHLERS, Presiding Judge.**

Adam Bowen received a deferred judgment and was placed on probation after pleading guilty to possession of methamphetamine with intent to deliver. He violated the terms of his probation. As a result, the district court revoked his probation, revoked his deferred judgment, adjudicated him guilty of the offense, and sentenced him to prison. Bowen appeals. He does not challenge the finding that he violated probation. Instead, he contends the district court considered an improper factor in choosing imposition of a prison sentence as the disposition of his probation-revocation proceeding.

We have jurisdiction to hear this appeal following a guilty plea because Bowen has demonstrated good cause by challenging his sentence, not the plea itself. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020); *see also State v. Thompson*, 951 N.W.2d 1, 5 (Iowa 2020) (holding a defendant has good cause to appeal an order revoking a deferred judgment and entering a judgment of conviction and sentence when the challenge is not to the underlying plea).

The parties frame the issue as a sentencing issue, so we do as well. We review sentencing decisions for corrections of errors at law. *Damme*, 944 N.W.2d at 103. We reverse if we find an abuse of discretion or defect in the sentencing procedure. *Id.* There is no dispute that Bowen's sentence was within the statutory limits. A sentence that falls within statutory limits "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *Id.* at 105–06 (quoting *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)).

Bowen asserts that the district considered an improper factor. Specifically, he contends the district court improperly considered parole eligibility before deciding on a sentence. His claim is based on the following exchange that took place after the district court announced its finding that Bowen violated probation, when the parties were arguing their positions on disposition:

> THE COURT: We had a brief off-the-record discussion before we started. And I thought you had said 286 days in jail. Is it 284?
>
> DEFENSE COUNSEL: I'm sorry. It was 284 on Monday, Your Honor. Two eight-six. You are right.
>
> THE COURT: So assuming forty-two or forty-four days of treatment, Mr. Bowen would get credit for 328 to 330 days. [Prosecutor], if I sent Mr. Bowen are they going to turn him loose as soon as he gets there?
>
> PROSECUTOR: On this ten-year sentence he's immediately eligible for parole. I can't tell you what department of corrections would or when they would parole him. I mean, what I would say is if—if you don't mind, it's his choice that he's been in for 284 days.
>
> THE COURT: I—I get all that.
>
> PROSECUTOR: So—but, yes, he would be—he would be granted credit. There's no minimum on this. So—and I—I'd have to look it up. I—I don't think we're supposed to consider when his discharge date would be. I—I think it's just whether a prison sentence is appropriate. I—I think that's a lot easier said than done. I think the reality of the matter is, yeah, he would be—he's burned a good bit of that prison sentence. But I—I couldn't give you a—I wouldn't want to put on the record a number and it would be wrong. But he would be—regardless of the 284 days, he would be immediately eligible for parole. And I know they would use those 284 days for calculating his parole date.
>
> THE COURT: [Defense counsel], do you have any idea of what the turnaround time is right now?
>
> DEFENSE COUNSEL: Your Honor, I do not. I believe the discharge at the time that it was incurred actually had the—the one-third and the court would have to affirmatively waive the mandatory minimum on it. Or else you have I think it's a twenty-month minimum by the time they applied good time. But I—I didn't do the research on that. I know that you can waive it. In terms of how long he would remain in, the guidance that I've been getting has been for a five, plan on doing one. And for a ten, plan on doing two.
>
> THE COURT: So—

DEFENSE COUNSEL: But that is widely varied between people. I've had people go on tens and get out in four months. I've had people go on tens and discharge it at four and a half years.

THE COURT: Okay. I—I think there's credit for time served. I don't think that time served in jail or treatment, which sometimes counts, counts as earned time or good time.

The court proceeded to revoke the deferred judgment and sentenced Bowen to prison.

Consideration of the timing of parole is an improper sentencing factor. *State v. Hulbert*, 481 N.W.2d 329, 335 (Iowa 1992) (sentencing in such a manner as to "thwart a perceived risk of early parole warrants a remand for resentencing"); *State v. Remmers*, 259 N.W.2d 779, 785 (Iowa 1977); *State v. Thomas*, 520 N.W.2d 311, 313 (Iowa Ct. App. 1994). The reason for the rule prohibiting consideration of the timing of parole is that "[s]entencing authority is statutory in Iowa," and "[o]ur legislature has elected in most instances to deny authority to judges to fix minimum sentences," choosing instead to grant "exclusive power to the board of parole to determine what amount of time will actually be served." *Remmers*, 259 N.W.2d at 784.

The State recognizes the rule against considering timing of parole in choosing a sentence but claims the rule does not apply here. The State claims that, unlike the cases cited above, the district court here was sentencing on one charge with a fixed maximum term, rather than sentencing on multiple charges for which a decision could be made to impose consecutive sentences or choosing the length of the sentence. So, the State argues, there was no way for the district court's sentence to obstruct the board of parole or the department of corrections.

We are not persuaded by the State's argument for two reasons. First, our

court has rejected a similar argument. In *Thomas*, the State conceded that it is impermissible for the sentencing court to deliberately lengthen a sentence in an effort to interfere with parole practices, but it argued that there was no impropriety because the district court imposed a more lenient sentence than was available under the sentencing options. 520 N.W.2d at 313. Our court rejected the argument holding that "[t]he important focus is whether an improper sentencing factor crept into the proceedings; not the result it may have produced or the manner it may have motivated the trial court." *Id.* The same reasoning applies here.

Second, there were sentencing options available to the district court beyond just sending Bowen to prison for an indeterminate term or suspending the indeterminate sentence. Once a probation violation is established, the district court has a number of options, which include holding the probationer in contempt while continuing probation. Iowa Code § 908.11(4) (2021). The contempt power would include the option of incarcerating Bowen for up to six months in the county jail. *Id.* § 665.4(2) (setting the penalty for contempt before district judges to include "imprisonment in a county jail not exceeding six months"). Had the district court chosen that route, Bowen could have been incarcerated in the county jail for a determinate term that would not be subject to release decisions by the board of parole or the department of corrections. So, contrary to the State's contention, there was a way for the district court to circumvent release decisions by the board of parole or department of corrections. We find that the rule against considering timing of parole in choosing a sentence applies here.

There is a presumption in favor of the sentence imposed, and a defendant must overcome that presumption by affirmatively demonstrating that the district

court relied on an improper factor. *Damme*, 944 N.W.2d at 106. However, if the defendant demonstrates that the district court considered an improper factor, resentencing is required even if the improper factor was merely a secondary consideration. *State v. Boldon*, 954 N.W.2d 62, 73 (Iowa 2021).

The above-quoted exchange between the district court and the attorneys convinces us that how much time Bowen would serve before being paroled was considered by the court. The exchange starts with the court acknowledging an off-the-record discussion on that very topic. The court then asks whether "they [are] going to turn him loose as soon as he gets there." Even after being reminded—or warned—by the prosecutor that "I don't think we're supposed to consider when his discharge date would be," the district court immediately returns to the subject by asking defense counsel "do you have any idea of what the turnaround time is right now?" Based on this exchange, we find Bowen has met his burden to establish that the district court relied on an improper factor.

Having established consideration of an improper factor, Bowen is entitled to resentencing regardless of how much weight the district court gave it. *See id.* Because the sentencing decision here was made as part of the disposition decision of a probation-revocation proceeding, we put Bowen back in the same position he was in before disposition was determined. *See Thompson*, 951 N.W.2d at 5–6 (directing a remand for a new hearing when there are defects in the probation revocation hearing); *see also State v. Keutla*, 798 N.W.2d 731, 735 (Iowa 2011) (finding that impropriety of sentence imposed as disposition of probation-revocation proceeding necessitated reversal of the revocation of a deferred judgment and a remand to "fashion an appropriate consequence within the

authorized range of choices provided in section 908.11(4)").  That means (1) the probation violations remain undisturbed and conclusively established, as Bowen did not challenge them; (2) we reverse the revocation of Bowen's deferred judgment, the adjudication of guilt, and the sentence imposed; and (3) we remand to the district court to fashion an appropriate consequence within the authorized range of choices provided in Iowa Code section 908.11(4).  By requiring a do-over of the probation-revocation disposition, we do not suggest what disposition should be imposed or that it must be more lenient than imposed here; we merely hold that, in determining the appropriate disposition, an impermissible factor cannot be considered.  *See Remmers*, 259 N.W.2d at 786 ("We do not intimate that the new sentence must be less than the present sentence . . . ."); *Hulbert*, 481 N.W.2d at 335 ("We do not suggest by this opinion that other permissible reasons for consecutive sentencing do not exist.").  The new probation-revocation disposition determination must be made by a different judge.  *See State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014) (requiring resentencing before a different judge "[i]n order to protect the integrity of our judicial system from the appearance of impropriety").

**REVERSED AND REMANDED.**